667 So.2d 461 (1996)
Albert PEDRAJA, Appellant,
v.
Rose Helen GARCIA, Appellee.
No. 95-1501.
District Court of Appeal of Florida, Fourth District.
January 31, 1996.
*462 Deborah Marks, North Miami, for appellant.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., and Robert J. Moraitis, P.A., Fort Lauderdale, for appellee.
SHAHOOD, Judge.
Appellant husband seeks review of an order granting appellee wife temporary alimony and temporary attorney's fees and costs. We affirm as to suit money and attorney's fees but reverse and remand as to the award of temporary alimony because the amount awarded exceeds the amount actually sought by the wife.
This case involves the dissolution of a six (6) month marriage with no children. The parties were married to each other on July 1, 1994, and wife filed a petition for dissolution in January 1995. Pursuant to wife's motion for temporary relief and hearing thereon, the court entered an order on April 5, 1995, awarding appellee $3,000.00 per month temporary alimony nunc pro tune to January 9, 1995, and $7,000.00 temporary attorney's fees and suit money to be paid forthwith.
It is a very basic appellate truism that temporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances. Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991). As stated in Wolfson v. Wolfson, 455 So.2d 577, 579 (Fla. 4th DCA 1984), "[t]he trial court has broad discretion in deciding matters of temporary alimony ... and we will not disturb that discretion in the absence of a showing that no reasonable man would take the view adopted by the trial court."
In this case, based on the wife's financial affidavit, adjusted for the omitted car allowance, there is a monthly deficit of approximately $1,000.00, substantially less than the $3,000.00 awarded monthly by the trial court. Predicated on the appellee wife's documented deficit, we are compelled to reverse and remand to the trial court with instructions to reconsider its temporary alimony award in light of appellee wife's acknowledged monthly deficit exclusive of non-essential debt. Predicated on the foregoing we need not address husband's ability to pay.
As to the issue of suit money and attorney's fees, the purpose of section 61.16, Florida Statutes (1989), which authorizes interim awards of suit money, is to insure that both parties to a dissolution proceeding have *463 similar access to counsel and can accordingly contest the proceeding on a nearly equal footing. See Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991), and Nichols v. Nichols, 519 So.2d 620 (Fla. 1988). The appropriate inquiry  need and ability to pay  is the same whether the fees requested are temporary or final. A determination on any other basis would constitute an abuse of discretion. 519 So.2d at 622.
We find no error in the court's award of attorney's fees and suit money and affirm.
Affirmed in part; Reversed and Remanded in part with directions.
GLICKSTEIN and POLEN, JJ., concur.