799 So.2d 450 (2001)
John T. MULLINS, Jr., Appellant,
v.
Stacey D. MULLINS, and Stacey Mullins, P.A., Appellees.
No. 4D01-3614.
District Court of Appeal of Florida, Fourth District.
November 28, 2001.
Stuart R. Manoff, and John F. Schutz of Manoff & Schutz, P.A., West Palm Beach, for appellant.
Stacey D. Mullins of Romano, Eriksen & Cronin, West Palm Beach, for appellees.

ON MOTION FOR REHEARING
GROSS, J.
The husband moves for rehearing of an order dismissing his appeal from a temporary relief order in a family law case for failure to timely file his initial brief and appendix. We deny the motion.
The trial court entered a temporary relief order on September 5, 2001. The husband filed a notice of appeal on September 7. Appeal of a temporary relief order in a family law case travels under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii); therefore, the appellant's initial brief and appendix "shall be served within 15 days of filing the notice." Fla. R.App. P. 9.130(e).
The husband obtained a stay of the temporary relief order pending appeal on September 25, 2001. Although the stay order required a bond, it does not appear that the stay was contingent upon the husband's *451 posting of the bond. On October 9, the wife moved to dismiss the appeal, since the husband had not filed a brief. The husband did not respond to the motion. This court granted the motion to dismiss on November 1.
On November 5, the husband moved to set aside the dismissal. As grounds, the husband asserted that the case had been "calendared wrong" by his attorney. Also, the husband stated that his attorney's office failed "to properly process mail received," which explains why he did not respond to the motion to dismiss for the twenty-two days it was pending prior to the dismissal.
For an appeal of a temporary relief order in a family law case, the rule 9.130(e) requirement that the initial brief be served within fifteen days of filing the notice of appeal should be strictly construed. Temporary relief awards "are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances." Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996). Temporary relief hearings are abbreviated and the relief granted is not final, so the trial judge may revisit temporary relief matters in the final judgment. To allow loose and sloppy compliance with the rule's time requirements is to risk that the appeal is being used for financial leverage in the underlying litigation. That risk is enhanced in a case such as this where the temporary relief order contained a number of required payments, including child support and retroactive child support, and the husband obtained a stay.
WARNER and FARMER, JJ., concur.