GROSS, J.
We affirm the temporary relief order under review. The husband complains about not having a full opportunity to be heard. The court granted the wife’s motion to extend the hearing to an hour. The transcript reveals that the court expended one hour and forty minutes at the temporary relief hearing. The court heard testimony, including that of both parties’ accountants. A court has wide latitude in controlling the testimony at temporary relief hearings; otherwise, these hearings would expand into the invasion of Normandy, consume the court’s time, produce judicial gridlock, and prevent it from disposing of the many other cases in the family division. See Mullins v. Mullins, 799 So.2d 450, 451 (Fla. 4th DCA 2001). We find the wife’s proposed litigation budget of $506,579.76 to be grossly excessive for this case, assuming that there is no conduct on the part of the husband after the temporary relief hearing that justifies such expenses. See, e.g., Tomaino v. Tomaina, 629 So.2d 874, 875 (Fla. 4th DCA 1993) (noting that fees of $50,000 to $200,000, in the context of litigating a divorce through trial “are not unusual.”). However, the trial court’s award of $100,000 as temporary fees and costs was reasonable and not an abuse of discretion.
KLEIN and SHAHOOD, JJ., concur.