891 So.2d 1140 (2005)
Sherri Lynn SCHMITZ, Appellant,
v.
Paul Richard SCHMITZ, Appellee.
No. 4D04-1850.
District Court of Appeal of Florida, Fourth District.
January 26, 2005.
Sari Teichman Addicott and Michael L. Addicott of Addicott & Addicott, P.A., Hollywood, for appellant.
Nancy W. Gregoire and Joel L. Kirschbaum of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for appellee.
GROSS, J.
Sherri Lynn Schmitz, the wife in an ongoing divorce case, appeals an order denying her request for additional interim fees and costs from her husband, Paul Schmitz. Concerned that the parties had *1141 over-litigated the case, the trial court declined to award interim fees beyond a previous interim award. The trial court's decision was well within its broad discretion. Therefore, we affirm.
In November, 2003, the trial court ordered the husband to pay the wife $87,926.05 in temporary attorney's fees and costs. In her "Litigation Budget," the wife had requested $112,926.75 "to bring this matter to resolution."
In March, 2004, the wife filed a motion seeking, inter alia, additional attorney's fees and suit money. At the hearing on the motion, the court noted that it would not make a final decision on the responsibility for fees until the end of the litigation.
As of March, 2004, the parties had spent over ten percent of their net worth on litigation costs. The husband's financial affidavit indicated a monthly gross income of $22,445, but he claimed expenses far exceeding this amount. According to the husband's financial affidavit, the couple's net worth totaled nearly $3 million, including a marital residence worth $700,000, rental properties valued at $1.775 million, a "Wachovia" account worth $229,000, and retirement accounts amounting to $194,000. The wife had exhausted the first fee award and owed over $38,000 in fees and costs. The husband had spent $335,000 since the beginning of the litigation, including $145,834 for his own fees and costs, $31,000 in accountant fees, almost $88,000 for the wife's fees, $20,000 for a guardian ad litem, $42,000 for the children's therapists, and $2,000 for the child custody evaluator. An accountant testified that the only source of funds available to fund further litigation, other than borrowing against assets, was the couple's individual retirement accounts.
Dismayed by the litigation expenses, the circuit court told the parties that "spending this kind of money is fiscally irresponsible." The court observed that both parties had spent similar amounts on attorney's fees to "get no place," and that after burning through $300,000 in litigation costs, the parties were not close to a resolution. The court ordered sequestration of the Wachovia account to pay for expenses already incurred and authorized the parties to liquidate their individual retirement accounts to further fund the litigation.
Section 61.16(1), Florida Statutes (2003), authorizes the circuit court to order a party to pay a reasonable amount of attorney's fees and costs to the other party in a dissolution action. "The standard for awarding attorney's fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay." Derrevere v. Derrevere, 29 Fla. L. Weekly D2195, D2196, ___ So.2d ___, ___, 2004 WL 2173635 (Fla. 4th DCA Sept.29, 2004). The supreme court has written that the statute should be construed liberally "to allow consideration of any factor necessary to provide justice and ensure equity between the parties." Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). Rosen established other factors for the trial court to consider, including (1) the scope and history of the litigation; (2) the duration of the litigation; (3) the merits of the respective positions; (4) whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and (5) the existence and course of prior or pending litigation. Id.; see also Bane v. Bane, 775 So.2d 938, 942 n. 5 (Fla.2000) (noting that while the primary factor to consider is the financial resources of the parties, the court should consider the other factors noted in Rosen).
At the conclusion of dissolution proceedings, the trial court has "broad discretion" to award fees; on appeal, this court will reverse a fee award only if there *1142 has been an abuse of discretion. See Derrevere, 29 Fla. L. Weekly at D2196, ___ So.2d at ___, 2004 WL 2173635; Peralta v. Peralta, 835 So.2d 1244, 1246 (Fla. 4th DCA 2003).
Interim fee awards are even more difficult to attack on appeal. This is so because although time constraints require judges with limited information to award interim fees and costs, the court can remedy any inequity in the final judgment; at that time the court may consider a couple's full financial picture and apply the Rosen factors while looking back at the litigation. Thus, we have written that "[t]emporary relief awards `are among the areas where trial judges have the very broadest discretion, [with] which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.'" Mullins v. Mullins, 799 So.2d 450, 451 (Fla. 4th DCA 2001) (quoting Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996)); Robbie v. Robbie, 591 So.2d 1006, 1008 (Fla. 4th DCA 1991).
The court's handling of the fee issue was well within its discretion. The court was justifiably concerned about the parties' litigation spending. Requiring further funding of the litigation from the litigants' retirement accounts was a reasonable attempt to impose financial sanity on parties who, in the midst of the divorce battlefield, cannot see the future of a post-dissolution world. The court left a final decision on fees for the final judgment, when the court could fully consider the question in light of equitable distribution, Rosen, and the tax consequences of the liquidation of the retirement accounts.
Although we do not have the perspective of the trial judge, we can see that the wife has engaged in a number of peripheral skirmishes that have done little to bring the case to resolution; she successfully moved to disqualify the initial trial judge, moved unsuccessfully to disqualify the successor judge, prevailed in her appeal of the temporary custody order and lost her appeal of the denial of her motion to disqualify the second judge. This appeal demonstrates a questionable allocation of resources. Given the broad discretion of the trial court over interim fees, the wife's chances of success on appeal, if not at absolute zero, certainly approached it.
On another point raised by the wife, we find no conflict between the written order and the court's oral pronouncements at the hearing.
AFFIRMED.
KLEIN and MAY, JJ., concur.