906 So.2d 1248 (2005)
Carmen Marie FISHER, Appellant,
v.
Richard BOND, Appellee.
No. 3D05-781.
District Court of Appeal of Florida, Third District.
July 27, 2005.
Vernis & Bowling, and Brett C. Kocijan, Islamorada, for appellant.
Hershoff & Lupino, and Jessica L. Rothenberg, Tavernier, for appellee.
Before FLETCHER, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
Carmen Marie Fisher, the wife, appeals from a non-final order denying her a hearing on temporary issues. Because the trial court abused its discretion in requiring that the wife be available for a deposition before granting her a hearing on temporary support, we reverse and remand.
The wife and Richard Bond, the husband, were married in February 1995 in Monroe County, Florida. In October 2004, the wife filed a petition for dissolution of marriage in which she requested equitable distribution of property, partition of real property, special equity in a business, alimony, and for the husband to pay all attorney's fees. The husband answered and counter-petitioned for dissolution of marriage and denied that he was obligated or able to pay the wife's attorney's fees. The wife motioned for temporary alimony, attorney's fees, suit money and costs, claiming that she is unable to pay her attorney's fees in the litigation because she is unemployed and has cancer. She further claimed the husband is in a superior financial *1249 position to provide necessary resources to the wife and should do so to enable the wife legal representation in these dissolution matters.
In March 2005, the trial court held a hearing on certain matters, including the notice of trial date and objections to the wife appearing telephonically. At the hearing, the husband's counsel complained of numerous delays and cancellations in taking the wife's deposition and objected to any telephonic cross-examination or testimony. The wife is receiving medical treatment for her cancer in Jacksonville. The court ordered the wife to be in court unless the court received medical documentation of restrictions on her travel and if documentation was received, then the wife's counsel must make the wife available to give deposition by phone. The wife supplied the court with the medical documentation.
The following day, the lower court held a case management conference. The court reiterated that the wife's deposition must be taken and all matters, including a hearing on temporary issues set for March 11, 2005, would be moved forward on short notice due to the wife's poor medical prognosis. The court stated that if the deposition was not taken, then the hearing as scheduled would be cancelled. The husband objected to any further hearings being held without first obtaining the wife's deposition. To date, no hearing has taken place on the wife's motion for temporary support.
Non-final orders concerning temporary support are reviewed for abuse of discretion in a dissolution action. Young v. Young, 898 So.2d 1076, 1077 (Fla. 3d DCA 2005). Section 61.16(1), Florida Statutes (2004), authorizes the court to order a party to pay a reasonable amount of attorney's fees and costs to the other party in a dissolution action. The standard for awarding attorneys' fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay. Schmitz v. Schmitz, 891 So.2d 1140, 1141 (Fla. 4th DCA 2005). Florida courts have held that temporary relief awards "are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances." Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996).
According to the record before us, this dissolution of marriage action was filed by the wife in October 2004, financial affidavits have been filed by the parties, and still the wife has not been afforded a hearing to address the issue of temporary support and fees. Clearly, in a situation such as this where the wife has cancer and has demonstrated financial need, the better approach would have been to hold a hearing on the temporary support issues at the beginning of the litigation. The net effect of the refusal to schedule a hearing is to deny a needy spouse any temporary support or fees. In not doing so, the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In addition, the trial court also abused its discretion in requiring that the wife be available for a deposition before a hearing on the temporary issues can be held. There is no such requirement in chapter 61, Florida Statutes, or in the Florida Family Law Rules of Procedure.
Based on the foregoing, the trial court's Order Denying Wife's Hearing on Temporary Issues is reversed. The case is remanded with directions forthwith to hold the hearing on the temporary support issues.
Reversed and remanded with directions.