907 So.2d 701 (2005)
Thelma STERN, Appellant,
v.
Jack STERN, Appellee.
No. 4D05-286.
District Court of Appeal of Florida, Fourth District.
August 3, 2005.
*702 Mitchell Haymes of Law Offices of Glantz & Glantz, P.A., Plantation, for appellant.
Steven W. Effman of Law Offices of Steven W. Effman, P.A., Plantation, for appellee.
WARNER, J.
We affirm the trial court's order granting temporary alimony to the husband. This was a long-term marriage, and the parties were both in their eighties. The husband's net monthly income was approximately 25% of that of the wife, and both parties listed expenses in their financial affidavits which significantly exceeded their respective incomes. The husband had total assets of approximately $225,000, while the wife had total assets of approximately $175,000. At the temporary hearing, the trial court ordered the wife to pay temporary alimony to the husband which essentially equalized their respective incomes, but even the equalized amount did not cover the husband's expenses.[1]
The criteria for an award of temporary alimony are the same as for permanent alimony, namely, the need of the spouse requesting the alimony and the ability of the other spouse to pay. Mitzenmacher v. Mitzenmacher, 656 So.2d 178, 180 (Fla. 3d DCA 1995). In considering temporary alimony, it is well-settled that "temporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances." Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996). Again, in Wolfson v. Wolfson, 455 So.2d 577, 579 (Fla. 4th DCA 1984), we reiterated this standard, stating "[t]he trial court has broad discretion in deciding matters of temporary alimony ... and we will not disturb that discretion in the absence of a showing that no reasonable man would take the view adopted by the trial court."
The trial court acknowledged that the case had a ways to go with discovery and decided to equalize the parties' income through a temporary alimony award. The court explained its reasoning, stating "we'll straighten it all out at the final hearing...." The court obviously found this to be the most equitable way of handling a temporary award in this long-term marriage where both parties' expenses far exceeded *703 their combined income, and their available assets did not substantially differ. We do not disagree.
Grace v. Grace, 162 So.2d 314 (Fla. 1st DCA 1964), is cited by the wife for her contention that the husband should have relied on his capital assets for support. In Grace, the trial court awarded temporary alimony to a wife, and the appellate court stated, "we hold that if [the wife] has cash in bank sufficient to support herself while the suit is pending, as the record herein shows the appellee to have, the Court should not award temporary alimony, even though the record may disclose that the husband is able to pay it." Id. at 320. However, in that case the wife's net worth was nearly four times that of the husband, and her annual income was nearly double that of the husband. Therefore, it is inconceivable to us how the wife with superior means all the way around was entitled to an award of temporary alimony from the husband in any event. Grace is clearly distinguishable.
There being no abuse of discretion in the temporary alimony award, we affirm the trial court's award.
POLEN, J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER J., dissents.
I respectfully dissent.
The parties are eighty-four and eighty-six years old and have been married for thirty years. The husband lives with his son in New York City. The husband's monthly net income is $646.40, while his monthly expenses are $3,540. The husband's monthly expenses include $2,000 in rent and $50 in property maintenance fees payable to his son. The husband has $60,000 in cash deposited in bank, credit union, and money market accounts. The wife's net monthly income is $2,059.02 and her monthly expenses are $2,969.62. She has $3,500 in cash.
The trial court ordered the wife to pay support based on an equalization of the parties' respective net incomes. In my view, the trial court's equalization of incomes fails to properly consider and determine the parties' respective needs for and abilities to pay support. It is noteworthy to me that the wife's financial affidavit does not contain any eyebrow-raising expenses such as a rent payment of $2,000 a month to a child or other family member. Furthermore, even though the wife receives more income per month than the husband, that income does not cover even her own monthly expenses.
Under the facts of this case, including that the husband has $60,000 in cash compared to the wife's $3,500, I believe that it was an abuse of discretion for the trial court to have concluded that the wife had the ability to pay and that the husband's needs were such that the parties' incomes should be equalized.
NOTES
[1] The wife makes much of the fact that a substantial portion of the husband's listed expenses was rent to his son for his accommodations. However, even if the husband's housing was less expensive, his expenses would not be covered by the alimony awarded.