PER CURIAM.
Jeffrey Neil Cohen (husband) appeals a non-final order on temporary relief in his dissolution of marriage action against Roni Friedman Cohen (wife). We affirm.
The trial court found that the wife was in need of temporary support and the husband had the ability to pay. The trial court ordered the husband to: (1) pay the wife $3,500 per month in temporary support, (2) pay other expenses totaling $11,640 per month, (3) reinstate the credit cards that the wife previously used and pay the charges, (4) maintain health insurance for the wife’s benefit and pay the cost of the wife’s prescriptions, (5) maintain all insurances currently in effect, and (6) pay $100,000 in attorney’s fees to the wife’s counsel. Moreover, the wife received exclusive use and possession of the marital residence in Florida, continued access to and use of the parties’ Maine warehouse, and exclusive use and possession of a 2003 Lincoln Navigator. The husband received exclusive use and possession of the parties’ Maine residence.
In Stern v. Stern, 907 So.2d 701 (Fla. 4th DCA 2005), this court explained:
The criteria for an award of temporary alimony are the same as for permanent alimony, namely, the need of the spouse requesting the alimony and the ability of the other spouse to pay. Mitzenmacher v. Mitzenmacher, 656 So.2d 178, 180 (Fla. 3d DCA 1995). In considering temporary alimony, it is well-settled that “temporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.” Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996). Again, in Wolfson v. Wolfson, 455 So.2d 577, 579 (Fla. 4th DCA 1984), we reiterated this standard, stating “[t]he trial court has broad discretion in deciding matters of temporary alimony ... and we will not disturb that discretion in the absence of a showing that no reasonable man would take the view adopted by the trial court.”
Stern, 907 So.2d at 702. Our review of the record reveals that the trial court did not abuse its discretion.

Affirmed.

GUNTHER, POLEN and HAZOURI, JJ., concur.