PER CURIAM.
This is an appeal of a trial court order approving the recommendation of the general magistrate which set temporary alimony, child support, and attorney’s fees in the parties’ pending suit for dissolution of marriage. We affirm in part and reverse in part.
The husband argues, and we agree, that the magistrate should not have imputed income of $7,000 per month to the husband for the rent-free use of the home in which the parties previously resided. According to the testimony, the parties had the use of this home, which was owned by the husband’s mother’s corporation, for three years. However, the parties vacated the *1160 home in early 2005 because the property was to be sold. The instant petition for dissolution of marriage was not filed until November 15, 2005. Thus at the time of the petition and the time of the hearing before the general magistrate, the parties no longer had the use of the rent-free home.
As stated in the child support statute, gross income includes “[r]eimbursed expenses or in kind payments to the extent that they reduce living expenses.” § 61.30(2)(a)13., Fla. Stat. (2006). While by its terms section 61.30 applies only to child support, the logic is equally applicable to the imputation of income for purposes of temporary alimony. See id. § 61.08(2)(g) (“[T]he court shall consider all relevant economic factors, including but not limited to ... (g) All sources of income available to either party.”). Because the rent-free use of the home had ended, it no longer amounted to an in kind payment which reduced the husband’s living expenses. That being so, the magistrate should not have imputed to the husband $7,000 per month fair rental value. We must therefore reverse the order now before us and remand for reconsideration of the temporary alimony and child support awards after elimination of the imputed $7,000 per month amount.
We affirm with respect to the remaining issues. See Fisher v. Bond, 906 So.2d 1248 (Fla. 3d DCA 2005). We do not disturb the temporary attorney’s fee award.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.