DAMOORGIAN, J.
Husband seeks review of an order granting Wife temporary alimony. Pursuant to Wife’s motion for temporary relief and hearing thereon, the court entered an order awarding Wife $11,536.50 per month in temporary alimony. In addition to monthly alimony, the trial court ordered Husband to pay homeowner’s association fees in the amount of $47,489.00, property taxes in the amount of $41,506.34, and $200,000.00 in attorneys’ fees. We affirm.
“It is a very basic appellate truism that temporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.” Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996) (citing Robbie v. Robbie, 591 So.2d 1006, 1008 (Fla. 4th DCA 1991)).
The parties were married for less than nine years before the divorce proceedings commenced. See Krafchuk v. Krafchuk, 804 So.2d 376, 380 (Fla. 4th DCA 2001) (noting that the end date of a marriage is marked by the filing date for the petition for dissolution of marriage); see also Jaffy v. Jaffy, 965 So.2d.825, 828 (Fla. 4th DCA 2007) (explaining that in short term marriages, where the parties have been married for less than ten years, the presumption is for rehabilitative alimony rather than permanent alimony if the parties are young and able).[1]
The'trial court found that the Husband’s annual income was $360,000.00 and he had access to substantial assets that could be used to pay the temporary alimony, condominium expenses and attorneys’ fees. Wife provided the trial court with a list of her estimated needs totaling $12,683.00 per month. This figure was supported by testimony from Wife’s forensic accountant and her financial affidavit. Wife testified that she did not have any meaningful employment during the course of the marriage nor did she receive support from Husband since the petition for dissolution was filed. After imputing monthly income to Wife in the amount of $1,147.48, the court entered a detailed order concluding that Husband has the ability to pay, and the Wife has the need for temporary monthly • alimony in the amount of $11,536.50. This appeal follows.
In Bengisu v. Bengisu, 12 So.3d 283 (Fla. 4th DCA 2009), this Court provided the following test in determining an appropriate alimony award:
In determining whether and to what extent temporary alimony is required, the trial court must consider the needs of the spouse requesting the alimony and the ability of the other spouse to pay alimony. Stern v. Stern, 907 So.2d 701, 702 (Fla. 4th DCA 2005). Finally, both the requesting spouse’s need and the other spouse’s ability to pay must be supported by competent, substantial evidence. Driscoll v. Driscoll, 915 So.2d 771, 773 (Fla. 2d DCA 2005).
Bengisu, 12 So.3d at 286. While we are not unmindful that the term of marriage *1118 may not warrant permanent alimony, under the applicable standard of review and the record before us, we cannot conclude that the trial court abused its discretion with the temporary alimony award.

Affirmed.

WARNER and CONNER, JJ., concur.

. We note that section 61.08(4), Florida Statutes (2010), which describes a "moderate-term marriage" as one “having a duration of greater than 7 years but less than 17 years,” does not apply to this case because the petition for dissolution was filed in April 2010.