MAY, C.J.
The extent to which the terms of a Marital Settlement Agreement (“MSA”) apply in a subsequent modification proceeding is challenged in this appeal. The former husband argues that the agreed upon imputed income of the former wife in the MSA should be considered in subsequent modification proceedings, and that the trial court abused its discretion in failing to do so. We agree and reverse.
The Final Judgment of Dissolution of Marriage incorporated the MSA, which based the alimony and child support upon an agreed amount of $40,000 per year in imputed income to the former wife. Six years later, the former wife filed a petition for modification of alimony and child support. In the petition, she asked for temporary attorney’s fees and costs.
As grounds for the modification, the former wife alleged that she had experienced an involuntary, permanent, and material change in her needs, and that the former husband’s income was substantially higher than it had been when they entered into the MSA. The former wife acknowledged *248 the imputed income of $40,000 per year in her petition.
At the hearing on the request for temporary attorney’s fees, the former wife’s attorney admitted that the former wife had some passive income, but that it was modest. To his knowledge, the former wife did not work and her only income was the alimony she received. The former wife testified to her satisfaction with her attorney, that she had. not paid any fees, had no ability to, pay them, and had no income other than from alimony. She received $7,000 per month in alimony and nearly $2,500 per month in child support. She had received a $75,000 inheritance three years earlier, but had spent all but $9,000. Her accounts were worth a little over $12,000.
The former wife withdrew $2,000 to $2,500 from her accounts as needed to make up the shortfall in her living expenses.. Even so, she had $44,000 when she filed the modification petition, but had withdrawn $31,000 in the three months since.
The former husband testified that his business was in a “deplorable” state due to the downturn in the construction industry. He had no new projects come in during the several months preceding the hearing, had laid off two employees, and had cut his employees’ salaries by twenty percent. He was forced to borrow approximately $130,000 from his life insurance policies to support his business and family, and he is required to repay those funds. He has no other sources of revenue, and his receivables do not cover his overhead.
The former husband’s accountant testified in support of the former husband’s finances. At the time of the hearing, he had $11,380 in his personal account, but was overdrawn by $12,812 in his business account. The former husband’s accountant confirmed that the former wife had monies at her disposal to pay attorney’s fees when she filed her petition. This did not include the alimony and child support she received or credit she could take against her credit card. The accountant also discovered deposits to the former wife’s bank accounts from unknown sources.
The trial court granted the former wife’s request for temporary attorney’s fees and costs. In its order, the trial court indicated that the former wife’s sole source of income was alimony and did not consider the agreed upon imputed income from the MSA. The trial court found the former wife had the need for, and the former husband had the ability to pay, the temporary attorney’s fees. The trial court concluded that the fees requested were reasonable and necessary. The total attorney’s fees billed to date were $35,898.50, and the trial court found that an additional $16,000 was reasonable for future litigation. The trial court also included $2,935.21 in costs already expended, $2,000 in future estimated costs, and $22,500 for the former wife to retain an accountant. The court awarded a total of $79,333.71.
The former husband filed a Motion for Reconsideration, and argued that the court should have considered the $40,000 imputed income to the former wife in the MSA. He also argued that the fee award was excessive. The trial court denied the motion, resulting in this appeal.
We review temporary attorney’s fees awards for an abuse of discretion. Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996).
“The appropriate inquiry— whether one spouse has a need for suit money and the other has the ability to pay — is the same whether the fees requested are temporary or final.” Robbie *249 v. Robbie, 591 So.2d 1006, 1009 (Fla. 4th DCA 1991). “Temporary relief awards ‘are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.’” Mullins v. Mullins, 799 So.2d 450, 451 (Fla. 4th DCA 2001) (quoting Pedraja, 667 So.2d at 462). Notwithstanding that discretion, a trial court should consider all relevant factors in making its decision, including imputed income. Stern v. Chovnick, 914 So.2d 524, 526 (Fla. 4th DCA 2005).
Here, the former wife agreed to an imputed annual income of $40,000 as part of the 2005 MSA. Six years later, she petitioned for modification of alimony and child support, and argued that her needs and those of her children had increased. In her petition, she acknowledged the imputed annual income from the MSA. The former wife had money in the bank while the former husband had none. There was no reason given as to why the $40,000 imputed income was not considered. Based upon the record before us, the former husband established a significant decline in his business, and the only evidence was that the former wife’s needs had increased without explanation.
We hold only that the $40,000 imputed income from the MSA must be taken into account in determining whether to award temporary fees. Because the former wife sought to modify the alimony and child support, she bore the burden of establishing that the $40,000 of imputed income should no longer apply. While she testified that she had no income other than alimony, she gave no explanation as to why the $40,000 should not be imputed. We are aware of the testimony concerning the former husband’s present assets: the home, the boat, the three cars, and the motorcycle. However, we are unable to determine whether the trial court considered the stipulated imputed income to the former wife.
The Third District Court of Appeal addressed the issue of whether a court should consider imputed income in a marital settlement agreement during modification proceedings. See Schmachtenberg v. Schmachtenberg, 34 So.3d 28 (Fla. 3d DCA 2010). There, the court found error in using the former wife’s imputed income in modification proceedings because it “did not represent [the former wife’s] actual annual income.” Id. at 37. We find this case distinguishable, however, because the modification was being sought by the former husband. Therefore, he bore the burden of proof. Here, the former wife is seeking the modification. Under the reasoning set forth in Schmachtenberg, she should have shouldered the burden of establishing why the agreed upon imputed income should not have been considered.
We therefore reverse and remand for reconsideration of the award of temporary attorney’s fees in light of the stipulated imputed income to the former wife in the MSA.

Reversed and Remanded far further proceedings consistent with this opinion.

GERBER and LEVINE, JJ., concur.