CONNER, J..
Former Wife appeals the temporary order granting Former Husband $7,500 per month in temporary alimony and $40,000 in temporary suit fees and costs. Former Wife raises multiple issues on appeal.[1] We affirm the trial court order, without discussion, as to the issues raised, except that we find merit in Former Wife’s argument that the evidence did not support the amount of temporary alimony awarded and reverse as to that award and remand.
As typical, the temporary relief hearing required the evidence and arguments to be presented in an expeditious fashion became it was set, early on in the case, for shorter time period than the final hearing. Former Husband, age- 61, testified that during his long-term marriage, Former Wife made substantially more money than he did and he was dependent on her financial support all during the marriage. The evidence showed that Former Husband was an unemployed independent health insurance broker and Former Wife was working for a wealth management company, earning a base salary of $190,000 annually, with bonuses in excess of $100,000 annually. Former Husband stipulated that a minimum wage income should be imputed -to him,, which, as of the date of the hearing, would be a monthly net income of $1,191. ’
Former Husband did not testify in any detail about his néed for temporary alimony; instead, Former Husband relied on the accuracy of his financial affidavit, admitted into evidence, to establish his need for temporary alimony. Significantly, his financial affidavit showed monthly expenses totaling $5,342. The trial court awarded Former Husband $7,500 per month in temporary alimony.
“ ‘[Temporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.’ ” Bengisu v. Bengisu, 12 So.3d 283, 286 (Fla. 4th DCA 2009) (alteration in original) (quoting Pedraja v. Garcia, 667 So.2d 461, 462 (Fla. 4th DCA 1996)). “In determining whether and to what extent, temporary alimony is required, the trial court must consider the needs of the spouse requesting the alimony and the ability of the' other spouse to pay alimony.” Id. (citing Stern v. Stern, 907 So.2d 701, 702 (Fla. 4th DCA 2005)). “[B]óth the requesting spouse’s need and the other spouse’s ability to pay must be supported by competent, substantial evidence.” Id. (citing Driscoll v. Driscoll, 915 So.2d 771, 773 (Fla. 2d DCA 2005)).
The evidence presented established that Former Husband has monthly expenses of $5,342 and an imputed monthly net income of $1,191. Thus, the evidence shows that Former Husband needs $4,151 per month in alimony, not the $7,500 per month awarded by the trial court. Even if *130 we were to assume that the trial court awarded more than what Former Husband’s financial affidavit demonstrated he needed, on a theory that Former Husband enjoyed a higher standard of living while he was living with Former Wife, there was no evidence submitted to the trial court to justify the amount awarded for temporary alimony. Simply stated, there was a lack of competent, substantial evidence to support the award of temporary alimony in the monthly amount of $7,500.[2] Thus, we affirm, without discussion, the award of temporary suit fees and costs, and reverse the award of temporary alimony. We remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

GROSS and MAY, JJ., concur.

. Approximately one month prior to Former Husband filing a dissolution of marriage proceeding in Florida, Former Wife filed a dissolution action in Delaware. A Delaware court dissolved the marriage, but did not address alimony or property issues. Because the marriage has been dissolved, we refer to the parties as Former Wife and Former Husband.

. The trial court order states that Former Husband’s financial affidavit shows a monthly deficit of $5,118 per month, "which deficit does not include an expense for rent.” However, Former Husband's financial affidavit shows a monthly expense of $1,500 for "Monthly mortgage and rent payments,” and next to that amount is typed “Note 3.” Note 3 at the end of the financial affidavit concludes with:
Unless otherwise noted, the amounts set forth herein represent the Husband’s best estimate of what his expenses will be once he secures a job and his own residence.
(emphasis added). Former Husband offered no testimony to amend or expand information in his financial affidavit. Thus, it appears the trial court finding is erroneous, and the financial affidavit does not support a higher determination for support based on the need to pay more for housing.