Per Curiam.
The former husband appeals an order granting his petition for modification of alimony which reduces alimony to the former wife from $9000 a month, which was *92 agreed to in a mediated settlement, to $7800 a month, which he believes is an insufficient decrease. He contends that the court should have imputed minimum wage income to the former wife and required her to withdraw from her retirement accounts and investments to reduce his alimony obligation even further. The former wife cross appeals the trial court’s decision to reduce her alimony based on her voluntary reduction of her expenses. We affirm.
In its final judgment granting the modification, the court found that the parties had originally agreed in a marital settlement agreement (“MSA”) to $9000 per month in alimony to the former wife, which amount was not tied to her expenses at the time of the dissolution (an affidavit showed the former wife’s expenses at the time of the dissolution were in excess of $15,000 per month). She also received investment assets and retirement accounts, and the court determined that the parties intended that the former wife was entitled to any income derived from these assets, in addition to the $9000, and was not required to diminish that amount.
After the divorce, the former wife significantly reduced her expenses by selling the marital home, moving to a different state, and purchasing a smaller home. Because of her significantly reduced expenses, the court concluded that this constituted a substantial change of circumstances, albeit a voluntary one. The court reduced the former wife’s alimony to $7800 per month, which amount will cover her expenses plus taxes. It refused to impute income to her for work, because the MSA did not contemplate that the former wife would be required to work, nor did it contemplate the former wife using any income from her assets to defray the $9000 per month obligation. Specifically, although the former husband contended that she could create a plan of early withdrawal from her retirement accounts under Internal Revenue Code section 72t (2013), the court found the evidence insufficient to show that this could be accomplished without penalty, and also insufficient to show that her use of this income to support her standard of living was contemplated in the MSA. Moreover, the former husband did not plead imputation of income or use of income from her assets to defray her expenses as grounds for reducing his alimony obligation. He only pled her decrease in expenses as a ground for reduction of his obligation. Both parties appeal this final judgment.
Section 61.14, Florida Statutes (2015), provides for the ability to modify alimony and support which was previously set in a final judgment or in an agreed settlement:
When the parties enter into an agreement for payments for, or instead of, support, maintenance, or alimony, ... or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes ... either party may apply to the circuit court ... for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties[,] ... decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
§ 61.14(l)(a), Fla. Stat. Furthermore, the statute also instructs as to the proof necessary to obtain a modification:
Wfiien modification of an existing order of support is sought, the proof required to modify a settlement agreement and the proof required to modify an award *93 established by court order shall be the same.
§ 61.14(7), Fla. Stat.
Although the statute permits modification where the “circumstances or the financial ability of either party changes” and allows the court to modify alimony “as equity requires, with due regard to the changed circumstances or financial ability[,]” § 61.14(l)(a), Fla. Stat., case law has engrafted specific requirements to restrain the wide discretion otherwise given to the court in modification. Pimm v. Pimm, 601 So.2d 534 (Fla. 1992), summarizes these “fundamental prerequisites”:
First, there must be a substantial change in circumstances. Second, the change was not contemplated at the time of final judgment of dissolution. Third, the change is sufficient, material, involuntary, and permanent in nature.
Id. at 536 (citations omitted). Generally, the requirement of the change being involuntary has been applied when an alimony-paying spouse claims a reduction of income so that the spouse is no longer able to afford the alimony ordered or agreed: “The purpose of requiring that a change in circumstance be involuntary to modify support is to ensure that the duty to furnish adequate support is not deliberately avoided.” Vazquez v. Vazquez, 922 So.2d 368, 372 (Fla. 4th DCA 2006); see also Overbey v. Overbey, 698 So.2d 811, 814 (Fla. 1997).
Nevertheless, courts have considered some voluntary changes in circumstances, such as retirement, as permitting modification of alimony depending upon the totality of the circumstances. Pimm, 601 So.2d at 537. Also, courts have reduced an alimony obligation where the substantial change in circumstances has been a reduction of a receiving spouse’s expenses. See Wolfe v. Wolfe, 953 So.2d 632, 635 (Fla. 4th DCA 2007); Antepenko v. Antepenko, 824 So.2d 214, 215 (Fla. 2d DCA 2002).
This case presents one of those circumstances. Given the broad discretion which section 61.14(l)(a) gives the trial judge to make a reduction, “as equity requires with due regard to the changed circumstances,” the trial court did not abuse its discretion • in reducing alimony where the former wife had cut her expenses by more than half, as a result of moving to another state and reducing the size of her home.
Nor did the court abuse its discretion in failing to impute income to the former wife for employment. She had not been employed outside the home for the entire marriage and the MSA did not either specifically or impliedly require the former wife to work to support herself. Thus, the court was merely giving effect to the MSA in not imputing income to the former wife to reduce the former husband’s obligation. Had the parties intended to impute income to the former spouse for purposes of support, they should have put a provision in the MSA, as was done in Gloriando v. Gloriando, 103 So.3d 247 (Fla. 4th DCA 2012), and Schmachtenberg v. Schmachtenberg, 34 So.3d 28 (Fla. 3d DCA 2010). Without it, the court did not abuse its discretion in refusing to impute income to the former wife.
As to the court’s refusal to consider income the former wife could generate by withdrawing income from retirement accounts or other investment accounts, the court found that the MSA never contemplated the use of these funds for the former wife’s support. Any income generated from those funds was for the wife to spend as she wished. Further, the former husband failed to prove that the retirement funds could be accessed without penalty. While former husband cites to Niederman v. Niederman, 60 So.3d 544 (Fla. 4th DCA 2011), for the proposition that a court can *94 look to retirement accounts as a source of income even prior to retirement, in that case, we held that the court did not abuse its discretion in considering the former wife’s ability to withdraw from the retirement account without penalty in determining her income potential. We noted, however, that such withdrawals would not be appropriate where they required withdrawal from principal. In this case, the expert testified that some of the calculations would invade principal. Furthermore, in Niederman, we also noted that the use of such income was not required in determining the resources available to the alimony receiving spouse: “[A]fter consideration of the evidence presented, the court could decline to impute income from retirement accounts for equitable considerations to do justice in the case.” Id. at 550. In this ease, the court declined to do so, and that was well within the court’s discretion based upon consideration of all the circumstances of this case.
For the foregoing reasons, we affirm the final judgment granting modification.
Gerber and Kuntz, JJ., concur.
Warner, J., concurs in part and dissents in part with opinion.