DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROY STEWART STEIN,**
Appellant,

v.

**YVONNE STEIN,**
Appellee.

No. 4D18-493

[September 12, 2018]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter M. Evans, Judge; L.T. Case No. 50-2017-DR-003421-XXXX-WB FW.

Jane Kreusler-Walsh and Stephanie L. Serafin of Kreusler-Walsh Vargas & Serafin, P.A., West Palm Beach, and Michael P. Walsh of Michael P. Walsh, P.A., West Palm Beach, for appellant.

Doreen Bonadies Halickman of The Law Firm of Doreen B. Halickman, Palm Beach Gardens, and Robyn R. Weiss of Robyn R. Weiss, P.A., Palm Beach Gardens, for appellee.

GROSS, J.

The husband appeals a non-final order awarding the wife $138,000 in temporary attorney's fees and costs. We affirm the award and write to address the trial court's broad discretion to award interim fees in Chapter 61 proceedings and matters which are intricately intertwined with those proceedings.

In the underlying dissolution action, the husband and wife entered into a mediated temporary agreement in which the husband agreed to pay the wife $7,000 per month in temporary alimony and $25,000 in temporary attorney's fees and costs. Shortly thereafter, the husband amended his petition for dissolution to include a claim for civil theft, alleging the wife repeatedly forged his signature on checks drawn from his business account while she was the bookkeeper.

In light of the amended petition, the wife requested an additional

$163,294 in fees and costs, which included temporary attorney's fees to defend against the civil theft claim. The trial court held an evidentiary hearing during which both parties presented testimony from their respective accountants regarding the need and ability to pay for such fees. Following the hearing, the court entered an order awarding the wife $138,000 in fees and costs, which included $30,000 in attorney's fees to defend against the civil theft claim. The court explicitly found that the civil theft count "necessarily involves the same and overlapping issues involved in the dissolution action" and therefore an award of temporary fees for the civil theft claim was entirely proper, explaining:

> The court has jurisdiction to award the Wife attorney's fees for the representation of a party in a "companion lawsuit" outside Chapter 61, which has been consolidated with this dissolution proceeding. The civil theft proceeding clearly involves entities which are wholly-owned and controlled by the husband, and are so intertwined with the dissolution litigation, that the trial court finds that the civil theft claim is part and parcel of the domestic strife in the instant matter.

On appeal, the husband asserts there is no statutory basis to award fees for the civil theft claim. Pursuant to section 61.16, Florida Statutes, a trial court "may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under [chapter 61] . . . ." § 61.16(1), Fla. Stat (2017). Generally, a trial court has no authority to award attorney's fees in other suits involving another spouse's interests which do not fall within the purview of Chapter 61, such as the civil theft claim at issue. *Kass v. Kass*, 560 So. 2d 293, 294 (Fla. 4th DCA 1990). However, this court has held that an award of fees is appropriate when the separate action is "so intertwined with the dissolution litigation" that it is "part and parcel of the domestic strife." *Id.*

Here, the wife was not precluded from seeking temporary attorney's fees for the civil theft claim, which is "so intertwined with the dissolution litigation" that it is "part and parcel of the domestic strife." The civil theft claim involves a business wholly owned and controlled by the husband and concerns the wife's involvement as the bookkeeper of the business. Additionally, the husband's accountant testified that the parties used the business account as a personal "piggy bank" and that the husband paid his attorney's fees and costs out of this account. We also note that the husband raised the litigation stakes by injecting the civil theft claim into the Chapter 61 action, placing treble damages at issue in this dissolution

war.  The trial court did not err in determining that the wife is entitled to temporary fees to defend against this claim.

As we explained in *Schmitz v. Schmitz*, 891 So. 2d 1140, 1142 (Fla. 4th DCA 2005), temporary fee awards are generally difficult to attack on appeal.  "This is so because although time constraints require judges with limited information to award interim fees and costs, the court can remedy any inequity in the final judgment; at that time the court may consider a couple's full financial picture and apply the *Rosen*[1] factors while looking back at the litigation."  *Id.*  The trial court recognized this principle when it ruled that the award was "without prejudice to either party and may be reconciled at the time of trial when the court distributes the assets between the parties."  Thus, "[t]emporary relief awards are among the areas where trial judges have the very broadest discretion, [with] which appellate courts are very reluctant to interfere with except under the most compelling of circumstances."  *Id.*  (citation and internal quotation marks omitted).  The trial court's award of temporary fees and costs was well within its discretion.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] *Rosen v. Rosen*, 696 So. 2d 697, 700 (Fla. 1997).