DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID BIRNBAUM,**
Appellant,

v.

**LAURIE M. MORTMAN,**
Appellee.

No. 4D21-2630

[June 29, 2022]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 502021DR001139XXXSB.

David Birnbaum, Boca Raton, pro se.

Troy W. Klein of Law Office of Troy W. Klein, P.A., West Palm Beach, and William Wallshein of William Wallshein, P.A., West Palm Beach, for appellee.

PER CURIAM.

The husband appeals a nonfinal order granting the wife's motion for temporary relief in a pending divorce. He challenges the award to the wife of temporary support and temporary use of the marital home.

The husband did not include a transcript of the temporary relief hearing in his appendix. Pursuant to Florida Rule of Appellate Procedure 9.200(f)(2), we directed the husband to file a transcript of the temporary relief hearing or a statement of the evidence compliant with rule 9.200(b)(5). He has provided neither a transcript nor a statement of the evidence.

"Temporary relief awards 'are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances.'" *Mullins v. Mullins*, 799 So. 2d 450, 451 (Fla. 4th DCA 2001) (quoting *Pedraja v. Garcia,* 667 So. 2d 461, 462 (Fla. 4th DCA 1996)). "Temporary relief hearings are abbreviated and the relief granted

is not final, so the trial judge may revisit temporary relief matters in the final judgment." *Id.*

Without knowing what was presented at the temporary relief hearing, we cannot conclude that the rulings in the order were not supported by competent, substantial evidence. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979).

*Affirmed.*

GROSS, GERBER and FORST, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***