DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACQUELINE GIRARD,**
Appellant,

v.

**TIMOTHY GIRARD,**
Appellee.

No. 4D21-2618

[November 30, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312012DR000772.

Kate E. Watson of The Watson Law Firm, P.A., Jupiter, for appellant.

A. Julia Graves of the Law Office of A. Julia Graves, P.A., Vero Beach, for appellee.

LEVINE, J.

The wife appeals a final judgment reducing her permanent alimony payments from $13,500 to $11,062 per month. Because there was no substantial and permanent change in circumstances since entry of the final judgment, we reverse and remand for reinstatement of the original alimony award. We find the other issues raised by the wife without merit and affirm those issues without further comment.

The parties were married for twenty years. In 2013, the trial court entered a final judgment of dissolution of marriage, incorporating the parties' mediation agreement. Pursuant to the mediation agreement, the husband agreed to pay the wife $13,500 per month in permanent periodic alimony.

In 2020, the husband sought modification of alimony for several reasons, including the wife's alleged increased earning ability. Testimony at the modification hearing showed that the wife worked as a travel agent until the birth of her first child eighteen years ago. The wife then became a stay-at-home mother. In 2018, the wife began taking interior design

classes at the community college and was halfway through completing her design certificate in kitchen and bath. Around the time she started taking classes, the wife began an internship with a home builder. In September 2020, after an employee left, the internship became a temporary part-time position with the wife earning $19 per hour working only five to ten hours a week. The wife's temporary employment ended after approximately seven months in April 2021—two weeks before the modification hearing—when the company hired a full-time replacement. The husband's vocational consultant testified that the wife could work in a clerical job earning $10 to $12 an hour.

The husband also sought modification based on the wife's use of alimony to support her mother. As part of the marital settlement agreement, the wife received the marital home and a condominium. During the marriage, the wife's mother lived in the condominium, and the wife paid the expenses associated with the condominium. After the divorce, the wife's mother continued to reside in the condominium, and the wife continued to pay the same expenses that she paid during the marriage. The husband's forensic accountant testified that the wife was underutilizing the condominium for income purposes. Per Zillow, an online real estate company, he estimated the condominium could generate $1,500 a month in gross rental income, with a net monthly income of $950.

The forensic accountant also testified that the wife earned $837 a year in investment income. However, the accountant's forensic notebook instead listed the wife's investment income as $837 a month, while another page in the notebook listed a total of $627.38 in investment income over a nine-month period.

After the hearing, the trial court entered a final judgment reducing the alimony payments from $13,500 to $11,062 a month. The trial court found that "[t]he Former Husband provided evidence that the Former Wife's needs have decreased, that she is able to work, had employment income until two weeks prior to trial and that she has been able to accumulate savings and support her mother." The trial court concluded that the wife was voluntarily unemployed and imputed $1,083 in monthly income to her, using a rate of $10 an hour at 25 hours a week. Next, the trial court considered that the wife's mother lived in the wife's condominium rent-free with the wife paying the expenses. The trial court found that the condominium could produce $950 in net monthly rental income. Finally, the trial court attributed to the wife "investment income of $837 per month." The trial court then concluded: "After deducting and imputing gross employment income of $1,083 per month, net monthly

rental income of $950 and investment income of $837 per month, the Former Wife has a shortfall and resulting need of $11,062 per month." From this judgment, the wife appeals.

"Trial court orders modifying awards of alimony are reviewed for abuse of discretion." *Simpson v. Simpson*, 68 So. 3d 958, 961 (Fla. 4th DCA 2011).

However, "[t]o warrant a modification of alimony, the party seeking the change must prove '1) a substantial change in circumstances; 2) that was not contemplated at the time of final judgment of dissolution; and 3) is sufficient, material, involuntary, and permanent in nature.'" *Koski v. Koski*, 98 So. 3d 93, 95 (Fla. 4th DCA 2012) (quoting *Damiano v. Damiano*, 855 So. 2d 708, 710 (Fla. 4th DCA 2003)); *see also* § 61.08(8), Fla. Stat. (2021) (stating that an award of permanent alimony "may be modified or terminated based upon a substantial change in circumstances"); § 61.14(1)(a), Fla. Stat. (2021) (stating that a court may modify an award of alimony "as equity requires" where "the circumstances or the financial ability of either party changes").

In the instant case, the trial court abused its discretion in imputing $1,083 in monthly employment income to the wife in the absence of evidence that there was a substantial and permanent change in circumstances since the final judgment. The trial court cited *Stewart v. Rich*, 664 So. 2d 1145 (Fla. 4th DCA 1995), and *Valby v. Valby*, 317 So. 3d 147 (Fla. 4th DCA 2021), for the proposition that "[a] spouse's obtainment of employment can serve as a downward modification where it was not contemplated and considered at the time of the parties' agreement." However, the facts of this case are markedly different from the cases cited by the trial court. In *Stewart*, we found that the wife earning a law degree and becoming a member of the Florida Bar supported modification of alimony, but only after providing the wife an opportunity to search out available employment opportunities in the legal field. 664 So. 2d at 1146, 1149. In *Valby*, this court affirmed downward modification of alimony where the wife, who had been unemployed at the time of the final judgment, returned to full-time employment as a teacher. 317 So. 3d at 152.

Unlike in *Stewart* and *Valby*, here the wife did not obtain a higher education degree or full-time permanent employment. Rather, the wife completed several classes at the community college, had not yet earned a certificate or degree, and held only a temporary part-time position for a limited time. Although the wife's employment ended two weeks before the hearing, the undisputed evidence was that this position was always

3

temporary. The wife was filling in for an employee who had left, and the wife's position ended because the company hired a full-time replacement.

Instead, the instant case is more analogous to *Regan v. Regan*, 217 So. 3d 91, 93 (Fla. 4th DCA 2017), where we found the trial court, in considering a petition for modification, did not abuse its discretion in refusing to impute income to the wife where she had not been employed outside the home for the entire marriage, and the marital settlement agreement did not require the wife to work to support herself. Like in *Regan*, here the wife had not been employed outside the home since the birth of the parties' first child eighteen years ago, and the marital settlement agreement did not require the wife to work to support herself.

This case is also similar to *DeFrancisco v. DeFrancisco*, 273 So. 2d 780, 781 (Fla. 2d DCA 1973), which found no substantial change in circumstances since entry of the final judgment where the wife's income had increased for only a few months before she terminated her employment. Similar to *DeFrancisco*, here the wife worked for only several months in a temporary position. Although the wife took classes and was in the midst of obtaining her kitchen and bath design certificate, her circumstances were still more like that in *Regan* and *DeFrancisco* than those cases where a spouse had obtained the necessary qualifications for her career.

The trial court also abused its discretion in imputing $950 in monthly rental income to the wife for her condominium. The undisputed testimony was that the wife's mother lived in the condominium rent-free during the marriage and at the time of the final judgment. Thus, the wife's alleged underutilizing of the condominium to generate rental income cannot be an "substantial change in circumstances" "that was not contemplated at the time of final judgment of dissolution." *Koski*, 98 So. 3d at 95; *see also Regan*, 217 So. 3d at 93 (affirming, on a petition for modification, the trial court's refusal to consider income the wife could generate from certain funds where the marital settlement agreement never contemplated the use of those funds for the wife's support); *Withers v. Withers*, 390 So. 2d 453, 455-56 (Fla. 2d DCA 1980) (declining to modify alimony where the wife allowed her adult children to live rent-free in another home owned by the wife); *cf. Chastain v. Chastain*, 73 So. 2d 66, 68 (Fla. 1954) (finding that modification could not be based on income from continued rental of home where rental income was contemplated at the time of the final judgment).

Finally, the trial court abused its discretion in imputing $837 in *monthly* investment income to the wife because there was no competent substantial evidence to support this amount. *See Niederman v.*

4

*Niederman*, 60 So. 3d 544, 550 (Fla. 4th DCA 2011) ("Any decision to impute income must be supported by competent substantial evidence."). The husband's forensic accountant testified that the wife earned $837 a *year* in investment income. Additionally, the forensic notebook contained conflicting information as to the amount of the investment income and did not provide the source of the information. To the extent the record supports a finding that the wife earned $837 a year in investment income, that would not be a substantial change in circumstances.

In summary, the trial court abused its discretion in reducing the wife's alimony where there was not competent substantial evidence of a substantial and permanent change in circumstances since the time of the final judgment. As such, we reverse and remand for the trial court to reinstate the original amount of alimony payments.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5