# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-3467
LT Case No. 2023-DR-024324

———————————————

MICHAEL S. MELTON,

    Appellant,

    v.

SANDRA M. MELTON,

    Appellee.

———————————————

Nonfinal appeal from the Circuit Court for Brevard County.
Kathryn M. Speicher, Judge.

J. Michael Blackstone, of J. Michael Blackstone, P.A., Crystal
River, for Appellant.

Heather C. Harris, of The H Harris Law Firm, P.L.C., Merritt
Island, for Appellee.

September 12, 2025

EDWARDS, J.

    Michael S. Melton ("Husband") appeals the order on the
parties' motions for temporary relief in their dissolution of
marriage action. Appellant contends that the trial court made
inadequate findings, improperly calculated the parties' income and
expenses, improperly failed to impute income to the unemployed
wife, and improperly calculated his monthly obligations for

temporary spousal and child support. We affirm in part, reverse in part, and remand for further proceedings as the trial court has required Husband to make monthly support payments exceeding what it found to be his ability to pay.

## Background

This appeal is from the trial court's order ruling on the parties' competing motions for temporary relief in their pending dissolution of marriage action. The parties married in 2016 and have two minor children. The parties and their children lived in Brevard County, Florida until Sandra M. Melton ("Wife") took their children and moved to Virginia where she and the children now reside with her brother and his family. Each party filed a motion for temporary relief, and each party filed a financial affidavit setting forth income and expenses.

## Order on Motions for Temporary Relief

Following a hearing that took place over the course of two days, the trial court entered an order which granted in part and denied in part the relief which each party sought.[1] In its order on both parties' motions for temporary relief, the trial court set forth certain of its findings within the body of the order and included other findings within attachments to the order.[2] The court entered a temporary long-distance parenting plan, which left the children primarily residing with Wife in Virginia and provided for Husband to have time sharing with the children during certain school breaks and on certain holidays.

From a financial perspective, the trial court found that Wife was unemployed but had a net monthly income of $1,172 based

---

[1] The hearing was held on May 14 and 28, 2024. The order was rendered approximately six months later on November 22, 2024.

[2] We affirm without need for further discussion as to Husband's argument that the trial court made insufficient findings in the order being appealed.

upon her receipt of certain public assistance and food stamps. Without elaboration in its temporary order, the trial court announced that it would not impute income to Wife. It determined that Wife had $5,630 per month in expenses. The trial court determined that Husband was employed as a lineman, had a net monthly income of $12,096 and net expenses of $9,422, leaving a total monthly surplus of $2,674 available to pay alimony. The trial court ordered Husband to pay Wife that entire monthly surplus of $2,674 as temporary alimony. The trial court also ordered Husband to pay Wife the monthly amount of $1,766 as temporary child support. The trial court did not explain in its order how Husband would be able to pay $4,440 per month as combined temporary alimony and child support from his monthly surplus of $2,674.

Standard of Review

As long as they are supported by competent substantial evidence, a trial court's temporary parenting plan and temporary support order are reviewed under an abuse of discretion standard. *Salazar v. Blanco*, 411 So. 3d 1271, 1273 (Fla. 3d DCA 2025); *see also Miller v. Miller*, 842 So. 2d 168, 169 (Fla. 1st DCA 2003) ("It is well settled that a trial court has broad discretion in child custody matters . . . ."). "It is a very basic appellate truism that temporary relief awards are among the areas where trial judges have the very broadest discretion, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances." *Coviello v. Coviello*, 89 So. 3d 1116, 1117 (Fla. 4th DCA 2012) (quoting *Pedraja v. Garcia*, 667 So. 2d 461, 462 (Fla. 4th DCA 1996)).

"In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). "The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript." *Esaw v. Esaw*, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007). Our review in this case is hampered due to Husband not providing this Court with a transcript of the hearing that took place over the course of two days, nor did he provide a statement of evidence pursuant to

Florida Rule of Appellate Procedure 9.200(b)(5). Without a transcript, reversal is mandated only where error is apparent on the face of the order. *Ferguson v. Ferguson*, 54 So. 3d 553, 556 (Fla. 3d DCA 2011) (citing *Casella v. Casella*, 569 So. 2d 848, 849 (Fla. 4th DCA 1990)).

Although Husband claims that the trial court erred because it failed to impute income to Wife, improperly included certain items as income to him, and failed to take into account that he was already paying approximately $1,000 per month to provide health insurance for Wife and their children, he has not provided us with a record from which we can analyze whether any of those rulings lack evidentiary support or otherwise constitute either error or an abuse of discretion. Nor can we analyze whether the trial court erred or abused its discretion in any aspect appealed by Husband regarding the temporary long-distance parenting plan. Accordingly, as to those issues, we affirm.

However, it is apparent from the face of the order being appealed that Husband is correct that the trial court abused its discretion by ordering him to pay temporary alimony and child support in an amount exceeding his monthly surplus. "[A] trial court cannot enter a . . . [financial] award that exceeds or nearly exhausts a party's income because it would abuse its discretion by doing so." *Hawryluk v. Hawryluk*, 365 So. 3d 477, 478 (Fla. 5th DCA 2023) (quoting *Williams v. Williams*, 10 So. 3d 651, 652 (Fla. 5th DCA 2009) (internal quotation marks omitted)). As in *Hawryluk*, the trial court "failed to make clear in the record" how Husband could cover monthly obligations for temporary alimony and child support that exceed the amount the trial court determined to be his monthly surplus. *Id.*

Accordingly, we reverse and remand to the trial court for a recalculation to bring Husband's monthly obligation for temporary alimony and child support within the boundaries of his monthly surplus, or to explain how Husband would otherwise have the financial ability to meet the currently ordered obligations. We recognize that given the passage of time between the original hearings and now, it may be necessary for the trial court to

4

consider evidence and argument regarding the parties' current circumstances prior to rendering an amended order.[3]

AFFIRMED, in part; REVERSED, in part; and REMANDED for further proceedings.

KILBANE and MACIVER JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[3] Given the very nature of temporary support orders, "[t]hey do not create vested rights, and they can be modified or vacated at any time by the circuit court while the litigation proceeds." *Ghay v. Ghay*, 954 So. 2d 1186, 1190 (Fla. 2d DCA 2007). "If further discovery reveals that a temporary support order is inequitable or based upon improper calculations, any inequity can usually be resolved in the final judgment, after a full and fair opportunity to be heard." *Id.*