617 So.2d 425 (1993)
Hector PEFAUR, Appellant,
v.
Pilar PEFAUR, Appellee.
No. 92-2829.
District Court of Appeal of Florida, Third District.
April 27, 1993.
Rehearing Denied May 25, 1993.
Brian R. Hersh and Jeffrey Begens, Miami, for appellant.
Dawn G. Euringer, Brenda Feinberg, Leonard Rubin, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
COPE, Judge.
We affirm the order awarding temporary attorney's fees and costs. As established in earlier unpublished orders in a mandamus proceeding in this court, the appellee wife is entitled to interim attorney's fees and costs in connection with the child custody, child support, and visitation issues in the case pursuant to section 61.16, and alternatively, section 742.045, Florida Statutes (1991).[1]
We entirely agree with the trial court that the wife is also entitled to interim attorney's fees and costs in connection with the portion of the proceeding relating to the request for dissolution of marriage. The trial court correctly found that the wife has made a prima facie showing that she is married to the appellant husband. Even under the previous versions of Florida's matrimonial statutes, this showing was sufficient to authorize the trial court to award interim attorney's fees and costs. See Burger v. Burger, 166 So.2d 433, 436 (Fla. 1964).
Florida's matrimonial statute has since been revised to provide specifically for the award of interim attorney's fees for "the *426 cost ... of maintaining or defending any proceeding under this chapter... ." § 61.16, Fla. Stat. (1991); see also id. § 61.071. The leading case, Nichols v. Nichols, 519 So.2d 620 (Fla. 1988), emphasizes the importance of an interim award where it is needed "to mitigate the harm an impecunious spouse would suffer where the other spouse's financial advantage accords him or her an unfair ability to obtain legal assistance." Id. at 621-22; Robbie v. Robbie, 591 So.2d 1006, 1008-09 (Fla. 4th DCA 1991). Those are precisely the circumstances the trial court found to exist in this case, where the very wealthy husband has litigated extremely vigorously and extensively against the wife, a person of limited financial means.[2] As Judge Donner observed, "[T]he law does not permit one party with substantial means to overpower the other by denying that party the right to equal representation."
The husband asserts that he was not divorced from his previous wife at the time these parties married. At an early stage of these proceedings the husband conceded that there had been a civil marriage in Mexico, but now attacks the Mexican proceedings as well. The questions of whether there is a valid marriage, whether the husband is estopped to deny the validity of the marriage, and whether, assuming there is no valid marriage, the wife is nonetheless entitled to equitable relief, are among the questions to be decided on the merits.
The husband contends that there must be a "mini-trial" of those issues as a condition precedent to any award of temporary attorney's fees. As Burger itself recognizes, that is not the law. The wife has made a prima facie showing. She is now entitled to interim attorney's fees and costs in order to litigate those issues on the merits. The public policy here is that where there is a bona fide dispute as to the validity or invalidity of the marriage, there should be a judicial resolution of that dispute and the interrelated estoppel and equitable issues  especially in a case where there are minor children. The trial court correctly awarded interim attorney's fees and costs so that the wife can have a full and fair opportunity to be heard on these matters.
The husband insists that his right to a "mini-trial" of the issues pertaining to the validity of the marriage is set forth in Fincher v. Fincher, 55 So.2d 800 (Fla. 1952). To the contrary, Fincher was decided at a time when Florida recognized common law marriages.[3]Fincher ruled that there should be a severance and "mini-trial" where it is alleged that a common law marriage exists and the other party to the common law marriage denies it. 55 So.2d at 803. That is not the situation here. The award is supported by Burger, as well as the terms of section 61.16 and the considerations announced in Nichols.
We find no merit in the husband's other points on appeal.
Affirmed.
NOTES
[1] The husband disputes the validity of the parties' marriage. Since it is undisputed that the parties are the parents of three minor children, interim attorney's fees and costs are clearly awardable under the cited statutes with respect to the child custody, visitation, and support issues, whether or not there is a valid marriage.
[2] The proceedings involve an Argentinian husband, United States wife, three dual citizen minor children, litigation in Florida and Argentina, and issues regarding the law of Argentina, Mexico, and Florida.
[3] See § 741.211, Fla. Stat. (1991) (law changed effective Jan. 1, 1968).