PER CURIAM.
Michael Rose (“husband”) appeals an order granting his wife, Roña Rose (“wife”), temporary attorneys fees and costs in a dissolution proceeding. We affirm.
After eight years of marriage and one child, the wife, a thirty-six year old full-time homemaker, sought a dissolution of marriage from her fifty-seven year old husband. Thereafter, the wife filed a motion for an interim award of attorney’s fees and costs. At the time of the temporary fee hearing, the husband, a successful attorney, listed assets on his financial affidavit in excess of $2,700,000.00. These assets included the parties’ marital residence ($2,500,000) and the husband’s Bentley ($80,000).
During the course of the three day temporary fee hearing, evidence was presented that the husband’s annual income from his law practice was approximately $400,000.[1] The wife had no income or assets. Both parties presented expert witness testimony from forensic accountants. At the conclusion of the proceedings, the trial court awarded the wife $120,000 in attorney’s fees, and $15,000 in accounting costs.
Section 61.16, Florida Statutes (2003), authorizes interim awards of attorney’s fees, suit money, and costs. The purpose of Section 61.16, is to make certain that both parties to a dissolution proceeding have similar access to counsel. See Pefaur v. Pefaur, 617 So.2d 425 (Fla. 3d DCA 1993)(“[T]he law does not permit one party with substantial means to overpower the other by denying that party the right to equal representation.”). As emphasized by the Florida Supreme Court, interim awards of attorney’s fees and costs are required “to mitigate the harm an impecunious spouse would suffer where the other spouse’s financial advantage accords him or her an unfair ability to obtain legal assistance.” Nichols v. Nichols, 519 So.2d 620, 621-22 (Fla.1988).
Trial courts have broad discretion in ordering the payment of temporary fees and costs based upon the parties’ respective need and ability to pay. See Pedraja v. Garcia, 667 So.2d 461 (Fla. 4th DCA 1996). In the present case, we find no *350 abusé of discretion in the trial courts well-reasoned order which requires the husband to pay the wife’s temporary attorney’s fees and costs in order to equalize the representation of the parties.
The record amply supports the trial court’s findings based upon the significant disparity in the parties’ overall financial circumstances and earning capacities. Moreover, the wife met her burden of proving the reasonableness of the fees and the necessity of the fees sought. See Safford v. Safford, 656 So.2d 485 (Fla. 2d DCA 1994). Accordingly, we affirm the order below in all respects. See 61.16, Fla. Stat. (2003); Nash v. Nash, 688 So.2d 428 (Fla. 3d DCA 1997); Piluso v. Piluso, 622 So.2d 117 (Fla. 4th DCA 1993).
Affirmed.

. Evidence was also presented that the husband had a pattern of borrowing from credit cards, credit lines and banks to pay his bills. The husband used his credit card to pay his own attorney and accountant in the amount of $47,000 and $9,000. Just prior to the temporary fee hearing, the husband received $480,000 in settlement monies from an arbitration proceeding. The husband used these fund to pay his personal debts.