898 So.2d 1076 (2005)
David F. YOUNG, Appellant,
v.
Judith C. YOUNG, Appellee.
No. 3D04-2288.
District Court of Appeal of Florida, Third District.
March 23, 2005.
David F. Young, in proper person.
Lauri Waldman Ross, Ross; Buckner Shifrin Rice & Etter, Miami, for appellee.
Before COPE, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The husband, David F. Young, appeals from non-final orders granting the wife temporary support and temporary attorney's *1077 fees and costs and enjoining dissipation, disbursement, or transfer of certain assets. We affirm.
The husband contends that the trial court abused its discretion in (1) requiring appellant to pay $20,000 in temporary legal fees and $10,000 in costs, which included accountant fees, and (2) freezing $95,000 in funds. We disagree.
Non-final orders concerning temporary support and the freezing of assets are reviewed for abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). It is well-settled that trial courts have broad discretion in establishing temporary relief awards, which appellate courts are very reluctant to interfere with except under the most compelling of circumstances. Pedraja v. Garcia, 667 So.2d 461 (Fla. 4th DCA 1996). Accordingly, a trial court can only be found to have abused its discretion where no reasonable man would take the view adopted by the trial court. Canakaris, 382 So.2d at 1203.
Under section 61.16, Florida Statutes (2004), trial courts are authorized, after considering the financial resources of both parties, to award attorney's fees, suit money, and costs during the course of dissolution proceedings. The purpose of this statute is to ensure that both parties to a dissolution case have similar access to counsel and that neither has an unfair ability to obtain legal assistance because of the other's financial advantage. Nichols v. Nichols, 519 So.2d 620 (Fla.1988); Rose v. Rose, 883 So.2d 348, 349 (Fla. 3d DCA 2004).
The facts of this case are strikingly similar to those of Rose v. Rose, supra. The Rose case involved the dissolution of an eight-year marriage between a fifty-seven-year-old attorney and a thirty-six-year-old full-time homemaker. As in Rose, the attorney husband appealed the trial court's award of temporary attorney's fees of $120,000 and accounting costs of $15,000 to the wife. This court affirmed this award as reasonable based on the significant disparity in the parties' overall financial circumstances and earning capacities. Rose, 883 So.2d at 349-50.
The instant case involves the dissolution of a thirty-six-year marriage between a fifty-four-year-old international lawyer and his legal assistant wife. The record is replete with ample situations showing the husband's extravagant spending after the parties' separation, including the leasing of a 2004 BMW M-3 with a payment of over $1,000 per month. Moreover, the record shows numerous instances where the husband has threatened prolonged litigation of this dissolution case and his superior position, under those circumstances, as an attorney.[1]
Here, the wife met her burden of proving the reasonableness of the fees and the necessity of the fees and costs sought. Rose v. Rose, 883 So.2d at 350.
Similarly, we find that the trial judge did not abuse her discretion in freezing $95,000 in funds as there is ample support in the record for this decision.
Affirmed.
NOTES
[1] As an example, the husband stated in an e-mail to the wife: "I will fight you to the ground, [sic] if necessary and I will cause you to run up HUGE legal bills as a result." In another e-mail, appellant stated that the wife's attorney (referred to as "DRACULADEENAGOOSE") and the judge assigned to the case (referred to as "BOGUS JUDGE ... [who] doesn't intellectually even qualify for janitor") were "simply no match for me."