971 So.2d 872 (2007)
Pablo Salvador GARCIA, Appellant,
v.
Liliana de la Paz GARCIA, Appellee.
No. 3D06-3065.
District Court of Appeal of Florida, Third District.
November 21, 2007.
*873 Harvey D. Rogers, Miami, for appellant.
Liliana de la Paz Garcia, in proper person.
Before GREEN, ROTHENBERG and SALTER, JJ.
SALTER, J.
Mr. Garcia, respondent and husband in a circuit court dissolution of marriage case, appeals an order denying exceptions to a general magistrate's report establishing temporary support for the wife, Ms. Garcia. Ms. Garcia, who is pro se in this matter, cross-appeals a later order determining that Mr. Garcia was unable to pay his past-due support obligations and denying Ms. Garcia's motion for contempt.
We affirm each of the orders below. With respect to the cross-appeal, however, our determination is without prejudice to Ms. Garcia's right to obtain further discovery and to prosecute a further motion for contempt (if required payments are not made and the further discovery discloses a then-present ability to make those payments).
The general magistrate's report and the trial court's order awarding temporary support are reviewed for an abuse of discretion. Young v. Young, 898 So.2d 1076, 1077 (Fla. 3d DCA 2005). In this case, the record evidence regarding Mr. Garcia's income from a family business, his applications for mortgage loans, and his receipt of cash from a family catering business, amply supports the award in favor of Ms. Garcia.
Ms. Garcia's cross-appeal is flawed because of her failure to file timely the transcript and other record items relating to her motion for contempt and the *874 denial of that motion. The trial court's denial of the motion in December 2006 does not, however, preclude a renewed motion or appropriate discovery to illuminate Mr. Garcia's purported and remarkable decline in income and assets following the commencement of the dissolution proceeding and the entry of the support order. The general magistrate's findings, approved and confirmed by the trial judge, highlighted Mr. Garcia's lack of candor, the lack of reliability in his testimony, and his "purposeful lack of disclosure of the alleged sale of [two family businesses]."
It is a daunting task for a pro se litigant to attempt to "follow the money" and to prove her allegations that her ex-spouse has committed perjury by concealing income and assets, but this decision regarding her cross-appeal does not in any way restrict Ms. Garcia's ability to do that in the continuing proceedings below.
Affirmed.