ALTENBERND, Judge,
Concurring.
I agree with the court’s opinion in all respects except that I do not conclude that section 61.16, Florida Statutes (2007), gives this court authority to grant fees in this type of original proceeding. Section 61.16(1) states:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals. In those cases in which an action is brought for enforcement and the court finds that the non-compliant party is without justification in the refusal to follow a court order, the court may not award attorney’s fees, suit money, and costs to the noncompliant party.
(Emphasis added.)
A petition for writ of mandamus is an original common law proceeding commenced in this court. It is not a proceeding under Chapter 61. Just as section 61.16 does not apply in Chapter 741 proceedings, I do not believe it applies in this non-statutory common law proceeding. See Belmont v. Belmont, 761 So.2d 406, 407 (Fla. 2d DCA 2000) (holding that attorney’s fees could not be awarded under section 61.16 “for services rendered by counsel in a separately filed domestic violence injunction case”); Baumgartner v. Baumgartner, 693 So.2d 84 (Fla. 2d DCA 1997) (same).
This petition is not in the nature of an enforcement action against the other party. See, e.g., Fortner v. Fortner, 631 So.2d 327 (Fla. 2d DCA 1994). Section 61.16(2) has special provisions addressing criminal contempt, but there are no special provisions as to a petition for writ of mandamus. I have found no case expressly awarding fees under this section in a mandamus proceeding,[3] although I am certain that this court may occasionally have done so in an unpublished order. Even under a liberal interpretation of section 61.16, I cannot agree that this statute applies in an original common law proceeding naming the trial judge and seeking a ruling in the pending trial court case.
It may be that section 61.16 should be amended to provide some discretion to the district courts to award fees in mandamus, certiorari, and prohibition proceedings that arise from pending dissolution actions. On the other hand, given that a petition for mandamus in this context addresses a delay by the circuit court that is completely beyond the control of the other spouse, there is little justification to shift the legal costs from one spouse to the other.

. The only case I have located referencing this statute in connection with the word "mandamus” is Pefaur v. Pefaur, 617 So.2d 425 (Fla. 3d DCA 1993). Pefaur does not address this issue.