PER CURIAM.
Peter George Christensen, the former husband, appeals the final judgment of dissolution that dissolved his eighteen-year marriage with Tanya Raquel Christensen, the former wife. Mr. Christensen raises multiple issues on appeal, but we find merit in only one; his claim of error regarding the trial court’s calculation of the parties’ child support obligations. We affirm all other issues without further comment.
“In a dissolution of marriage case such as this one, in which alimony is required because of the disparity in income between the parties, the court must first determine the amount of alimony and then, considering alimony as income, determine the amount of child support.” Pike v. Pike, 932 So.2d 229, 230 (Fla. 4th DCA 2005); § 61.30(2)(a)9., Fla. Stat. (2012). Here, the trial court failed to include its award of alimony as part of Mrs. Christensen’s income when it calculated Mr. Christensen’s child support obligation. Moreover, the trial court also adjusted the parties’ child support obligation based on the assumption that Mrs. Christensen would exercise a substantial amount of time-sharing pursuant to section 61.30(ll)(b), Florida Statutes (2012). However, it is unclear from the court’s visitation order whether Mrs. Christensen will exercise the statutorily required amount of visitation. We reverse the trial court’s child support determination and remand with directions to calculate the support obligation taking into account Mrs. Christensen’s income from alimony and to reconsider whether the substantial time-sharing adjustment is applicable to these parties. If necessary, the trial court is permitted to reconsider its visitation order when making this determination. We affirm all other issues raised on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, ROWE, and OSTERHAUS, JJ„ concur.