PER CURIAM.
Appellant raises five issues on appeal. We find merit in only one, and otherwise affirm the final judgment of dissolution without comment. But as to Appellant’s argument the trial court erred in awarding Appellee attorneys’ fees, we agree -with Appellant.
It is an abuse of discretion to grant fees where both parties are equally able to pay their own. Galligar v. Galligar, 77 So.3d 808, 812-13 (Fla. 1st DCA 2011). Equalizing income through an alimony award and then awarding fees is an abuse of discretion. Galligar v. Galligar, 77 So.3d 808, 812-13 (Fla. 1st DCA 2011) (finding abuse of discretion in award of fees where husband had $5500 per month salary and paid wife $3500 in alimony, on top of wife’s $1033 net monthly income; husband was in no better position to pay attorneys’ fees than the wife); see also Gaudette v. Gaudette, 890 So,2d 1161, 1162 (Fla. 5th DCA 2004).
The court’s job is to determine whether one party has a need and the other has the ability to pay. In this regard, Appellant is paying significant sums between alimony and child support. For sure, these sums need not be added to Appellee’s resources to cover attorney’s fees. But the sums must be deducted from Appellant’s ability to pay; Appellant no longer has these funds available within his resources. Thus, properly considered, the parties’ relative abilities to pay attorneys’ fees are essentially equal and an award of fees was an abuse of discretion.
*788 Accordingly, we REVERSE the court’s award of attorneys’ fees.
CLARK, J., concurs.
BENTON, J., concurs in result.
MAKAR, J., dissents with opinion.