PER CURIAM.
Keith A. Jones (“Former Husband”) appeals from a final judgment of dissolution of marriage, arguing that the trial court erred in awarding Leslie D, Jones (“Former Wife”) exclusive use of the marital home. Former Husband also argues that the trial court erred in calculating the equitable distribution of assets and alimony payments. We affirm the trial court’s determinations on the alimony issue without further discussion.
On thfeissue of disposition of the marital home, the trial court’s final judgment included language specifying that' Former Wife must refinance or sell the home within eighteen months. The final judgment, however, did not identify which party was responsible for upkeep costs, mortgage payments, insurance, or taxes during those months. The judgment additionally assigned a value of $222,000 to the marital home and specified that each party was to receive $111,000 in the event that the home was sold, despite the fact that the actual sale price may vary from the value assigned by the court.
In Schumaker v. Schumaker, 931 So.2d 271, 275 (Fla. 5th DCA 2006), this court addressed a similar situation in which the trial court gave the former wife six months to sell or refinance the marital home but left “many unanswered questions regarding the disposition of the marital residence.” This court remanded the case to the trial court with instructions to clarify the language of the final judgment. Id. at 272.
As we did in Schumaker, we find that the trial court’s final judgment should have specifically addressed each party’s financial responsibilities prior to sale -of the home and the consequences should Former Wife fail to sell or refinance the home within the allotted time frame. . We find that Former Husband is entitled to an equal share of the actual refinancing value or sale price of the home.
Additionally, several errors were made in the calculation of the equitable, distribution in the final judgment. The errors to be explained or corrected include: 1) the distribution of the $8868 Southwest Visa card debt, of which only $1368 should have been included as marital debt; 2) the amount and distribution of Former Husband’s federal retirement annuity; 3) the failure to include the amount and distribution of Former Wife’s State of Florida retirement plan; and 4) the inclusion of an apparently nonexistent asset, labeled “Wife’s Federal Retirement Annuity.”
We remand to the trial court for clarification of the marital home and equitable distribution issues.,
AFFIRMED, in part; REVERSED, in part; REMANDED.
SAWAYA, TORPY and WALLIS, JJ., concur.