# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3203
_____

JACK E. DE LA PIEDRA, Husband,

    Appellant,

    v.

KATHERINE M. DE LA PIEDRA,
Wife,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jennie M. Kinsey, Judge.

April 25, 2018


PER CURIAM.

Jack De La Piedra appeals a temporary order setting alimony and child support, and requiring him to contribute a substantial sum toward his wife Katherine M. De La Piedra's attorneys' fees. He contends that these amounts were improperly calculated and that he does not have the ability to pay. We reverse.

The parties are in the midst of dissolution of marriage proceedings in the trial court. Appellant-husband works as an attorney and financially supported the family during the marriage, while Appellee-wife devoted her time to homemaking and raising the parties' three children.

The temporary order below requires Appellant to pay direct alimony ($2,500/month), child support ($330.72/month), and other in-kind alimony payments to cover Appellee's mortgage, medical and vehicle insurance, student loans, cell phone bills, and medical bills. *See Williams v. Williams*, 10 So. 3d 651, 652 n.1 (Fla. 5th DCA 2009) (treating mortgage payments on behalf of the other spouse as in-kind alimony). In addition, the temporary order requires Appellant to pay $10,500 towards Appellee's attorney's fees.

Appellant claims that the court abused its discretion by awarding these amounts, which he lacks the ability to pay. While temporary alimony awards are within the trial court's sound discretion, there must be competent substantial evidence showing that the payee has a need and the payer has the ability to pay. *Buchanan v. Buchanan*, 225 So. 3d 1002, 1003 (Fla. 1st DCA 2017); § 61.08(2), Fla. Stat. "If an award is in excess of a party's ability to pay, then it is not supported by competent, substantial evidence, and a trial court abuses its discretion by ordering such an award." *Buchanan,* 225 So. 3d at 1003 (citing *Hotaling v. Hotaling*, 962 So. 2d 1048, 1051 (Fla. 2d DCA 2007)); *see also* § 61.071, Fla. Stat. (allowing for reasonable sum alimony pendente lite where a well-founded petition for alimony is filed). We must reverse the temporary alimony award in this case, because the record does not provide competent, substantial evidence that Appellant has the ability to pay, nor dispel Appellant's argument that the obligation exceeds 90% of his net monthly income, leaving him only "approximately $300.00 per month with which to support himself and his children, two of whom he exercises half of the time sharing with, and one who lives primarily with him."

We also find that the child support calculation amount improperly accounted for the alimony award. In calculating income for child support purposes, alimony must be included as income. *See* § 61.30(2)(a)(9), Fla. Stat.; *Christensen v. Christensen*, 147 So. 3d 118, 119 (Fla. 1st DCA 2014). The spousal support amounts should also have been deducted from Appellant's income. § 61.30(3)(g), Fla. Stat. In this case, the worksheets used by the court did not include alimony in Appellee's income and did not account for all of the in-kind alimony. On remand, the trial court

should account for all of the alimony awarded when calculating the child support amount.

Finally, Appellant contends that the court abused its discretion in requiring him to pay $10,500 toward Appellee's attorney's fees because he does not have the ability to pay that amount. The primary considerations for an award of attorney's fees under section 61.16, Florida Statutes, are the party's need and the other party's ability to pay. *See, e.g.*, *Shawfrank v. Shawfrank*, 97 So. 3d 934, 936 (Fla. 1st DCA 2012). The trial court must take alimony and child support payments into account when determining whether the party has the ability to pay. *See Haywald v. Fougere*, 164 So. 3d 786, 787 (Fla. 1st DCA 2015). Accordingly, when "the trial court has equalized incomes through its alimony award, the trial court abuses its discretion in awarding attorney's fees." *Galligar v. Galligar*, 77 So. 3d 808, 813 (Fla. 1st DCA 2011). Because we are reversing the court's alimony and child support awards, the ultimate determination of whether Appellee is entitled to help with her attorney's fees will be intertwined with the court's remand determination. *See Schroll v. Schroll*, 227 So. 3d 232, 238 (Fla. 1st DCA 2017). Thus, the trial court should revisit the issue of Appellee's entitlement to attorney's fees pursuant to section 61.16(1), "based on the extent to which the parties' respective financial circumstances are altered on remand." *Id.*

For these reasons, we reverse the temporary order and remand for further proceedings consistent with this opinion.

LEWIS, OSTERHAUS, and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Travis R. Johnson of Meador Johnson & Bushnell, P.A., Pensacola, for Appellant.

John L. Myrick, Pensacola, for Appellee.