SCALES, J.
Appellant Trenton Erik Troike appeals two, non-final orders of the Miami-Dade County Circuit Court arising from proceedings in the dissolution of his marriage to Appellee Jennifer Mercedes Ariza Troike. Specifically, Appellant asserts that the trial court erred in entering: (i) a May 25, 2018 corrected order modifying timesharing, and (ii) a May 31, 2018 omnibus order granting Appellee temporary alimony and temporary attorney's fees and costs. We dismiss as moot the appeal pertaining to the May 25, 2018 timesharing order. We affirm in part, and reverse in part, the trial court's May 31, 2018 order pertaining to the award of temporary support to Appellee, remanding a portion of this order to the trial court for further proceedings.
*1071 I. Facts
Appellant Husband and Appellee Wife were married for approximately five years before Appellant filed for dissolution of the marriage in 2016. They have two daughters, born in 2012 and 2014, respectively. They resided in a home in Cutler Bay, Florida, that Appellant and his parents purchased prior to the marriage, although Appellee was added as an owner of the home by quitclaim deed during the marriage.
A. Facts Relevant to the May 25, 2018 Timesharing Order
In his petition for dissolution, Appellant sought timesharing of the children, which Appellee did not oppose. Acrimony developed between the parties over this issue during these proceedings. In July of 2017, the trial court appointed a Guardian ad Litem to advise the trial court regarding the children's interests. The trial court also ordered psychological evaluations of each of the parties. These evaluations produced a recommendation from the psychologist that Appellant's time with the children be supervised.
The trial court held an evidentiary hearing on the timesharing issue on May 9, 2018. The trial court adopted the psychologist's recommendation in a series of orders during May of 2018, culminating in the corrected May 25, 2018 timesharing order on appeal. In the first of these orders, dated May 3, 2018, the trial court imposed on the Appellant the full obligation to pay all costs associated with supervised timesharing. After the filing of the initial brief in this appeal, the trial court, on October 5, 2018, issued an order that, among other things, reinstated unsupervised timesharing for the Appellant and his children, albeit not to the extent that Appellant had prior to May of 2018. Appellant has not sought review of this October 5, 2018 order.
B. Facts Relevant to the May 31, 2018 Temporary Support Order
Appellant works as a police officer for Miami-Dade County. In the trial court's August 2017 temporary child support order, the court found that Appellant earns the gross amount of $8,190 per month.[1] At the start of the marriage, Appellee worked as an executive assistant and earned additional money working part-time for Mary Kay Cosmetics. Appellee left her executive assistant job when she became pregnant with her first child. Since the rupture in her marriage, she has resumed working part-time.[2]
The August 2017 order imposed a monthly temporary child support payment on Appellant of $ 1,351. The May 31, 2018 order imposed a monthly temporary alimony payment on Appellant in the amount of $ 2,000. In addition, the trial court determined that Appellant owes a child support arrearage of $ 3,325.54 from August to October 2017, and ordered that sum be paid to Appellee within forty-five days. Since the separation, Appellant has voluntarily paid Appellee's monthly car payment, car insurance premium, health insurance premium, and a partial cellphone *1072 cost in an amount calculated by the trial court as $ 970 (collectively, "Voluntary Payments").
The July 2017 order appointing a Guardian ad Litem required Appellant to pay all Guardian ad Litem fees and costs. Appellant testified at the April 3, 2018 hearing that, as of that date, those fees and costs amounted to approximately $ 15,000. In his initial brief, Appellant represented that those fees and costs had reached approximately $ 33,000. The May 31, 2018 order imposed on Appellant the full payment of Appellee's attorney's fees and costs in the amount of $ 28,275.28, payable within sixty days of the May 31, 2018 order, unless Appellant arranges a payment plan.
Appellant has paid the Guardian ad Litem fees, his own attorney's fees, and a portion of the psychologist's fees from loans from his parents. At the April 3, 2018 hearing, Appellant testified that, while no promissory note memorializes the obligation, he owes his parents approximately $ 40,000. Appellant represents that he has paid approximately $ 1,000 per month for court-ordered therapy and supervised visitation, though the record is unclear as to these payment amounts. Appellant also pays $ 1720 per month on the home mortgage and associated expenses, a portion of which benefits Appellee due to her ownership interest in the home. Appellee remained in the home until the end of October 2017, when she rented an apartment for herself and the children for which she pays $ 1,350 in rent per month.
II. Analysis[3]
A. The May 25, 2018 Timesharing Order
Appellant argues that the May 25, 2018 order modified timesharing without appropriate due process. Notwithstanding this argument, we conclude that the October 5, 2018 order that reinstated some unsupervised timesharing to Appellant supersedes the May 25, 2018 order and, therefore, moots this issue. See Klammer v. Klammer, 677 So.2d 52, 53 (Fla. 3d DCA 1996). Appellant has not appealed this October 5, 2018 order, and we do not reach a consideration of its merits. We therefore dismiss the appeal of the May 25, 2018 timesharing order.
B. The May 31st Temporary Support Order
The ultimate question here is whether the trial court ordered Appellant to pay too great a percentage of his income toward temporary child support, temporary alimony, and temporary attorney's fees and costs. The record reflects that the trial court, in its separate August 2017 and May 2018 orders, imposed on Appellant a monthly temporary child support payment of $ 1351 and a monthly temporary alimony payment of $ 2000. We understand that this temporary alimony amount encompasses the $ 970 in monthly Voluntary Payments on Appellee's behalf. Because these temporary monthly payments (totaling $ 3351) reflect an amount that is less than forty percent of Appellant's monthly earnings (of $ 8393), we conclude that the trial court did not abuse its discretion in ordering Appellant to make such payments. See De La Piedra v. De La Piedra, 243 So.3d 1052, 1053 (Fla. 1st DCA 2018).
We conclude, however, that the trial court did abuse its discretion in imposing on Appellant the payment of $ 28,275.28 in Appellee's attorney's fees and *1073 costs without the accompanying findings of his ability to pay them. While the record reflects that Appellant has the ability to pay the temporary, monthly obligation of $ 3351, the record does not contain competent substantial evidence that Appellant has the ability to pay this additional $ 28,275.28 obligation. See Clore v. Clore, 115 So.3d 1100, 1104 (Fla. 5th DCA 2013) (confirming that an award beyond a party's ability is not supported by competent substantial evidence).
Specifically, section 61.16(1) of the Florida Statutes requires that the trial court take into consideration the parties' financial ability to pay when imposing attorney's fees and costs.[4] While Appellee's need is present in the record, Appellant's ability to pay is not thoroughly established. De La Piedra, 243 So.3d at 1054. We therefore reverse that portion of the May 31, 2018 temporary support order requiring Appellant to pay the $ 28,275.28, and remand for proceedings consistent with this opinion. On remand, the trial court should consider the cumulative effect on Appellant's financial ability of the $ 28,725.28, together with the Guardian ad Litem fees and costs and the cost of supervised timesharing, both of which were imposed piecemeal on Appellant in separate orders.
III. Conclusion
We conclude that the appeal of the May 25, 2018 timesharing order is moot. We reverse and remand that portion of the May 31, 2018 temporary support order that requires Appellant to pay the $ 28,275.28 in additional expenses. On remand, the trial court should re-evaluate, and make appropriate findings regarding, Appellant's ability to shoulder these expenses.
Dismissed in part; affirmed in part; reversed in part and remanded with instructions consistent with this opinion.

This amount on an annualized basis equals $ 98,280, and derives from Appellant's amended financial affidavit, dated March 3, 2018. At the April 3, 2018 hearing, the Appellant represented that his gross monthly earnings were $8393.

In the temporary child support order, the trial court found Appellee's actual part-time income plus imputed income added up to $ 1,667 per month or $ 20,004 on an annualized basis. The May 31, 2018 order updates Appellee's actual annual earnings to $ 15,873, plus $ 352 per month for food stamps, but does not address imputed income.

The standard of review of the discretionary orders for timesharing, temporary alimony, and attorney's fees and costs is abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).

We note Appellant's testimony that he has taken loans from his parents to pay his own attorney's fees and costs, along with the fees and costs of the Guardian ad Litem, and other costs associated with the dissolution of the marriage. These loans should not be considered in determining Appellant's financial ability. Rogers v. Rogers, 824 So.2d 902, 903 (Fla. 3d DCA 2002).