# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1938
Lower Tribunal No. 17-18681
_____

**Michelle Pimienta,**
Appellant,

vs.

**David Abraham Rosenfeld,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Reid Levin, PLLC, and Reid Levin (Boca Raton), for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

Michelle Pimienta ("Mother") appeals a final order granting David Rosenfeld's ("Father") motion to dismiss the Mother's supplemental petition for modification as to parental responsibility and time sharing and the denial of her motion for attorney's fees. We have jurisdiction. Fla. R. App. 9.030(b)(1)(A).[1] For the reasons discussed below, we affirm the trial court's dismissal of the Mother's supplemental petition without further discussion, and reverse and remand on the denial of attorney's fees.

Throughout the proceedings, the Mother consistently sought attorney's fees based on the Father's greater ability to pay. Section 61.16(1), Florida Statutes, requires that the trial court take into consideration the parties' ability to pay when awarding attorney's fees and costs. See Troike v. Troike, 271 So. 3d 1069, 1073 (Fla. 3d DCA 2019); Gudur v. Gudur, 277 So. 3d 687, 693-94 (Fla. 2d DCA 2019) ("The trial court cannot deny a request for attorney's fees under section 61.16 without making findings as to one party's

---

[1] The trial court granted the Father's motion to dismiss without prejudice. See GMI, LLC v. Asociacion del Futbol Argentino, 174 So. 3d 500, 501 (Fla. 3d DCA 2015). "An order that dismisses an action 'without prejudice' may or may not be a final order depending on whether it unequivocally disposes of the case." Hinote v. Ford Motor Co., 958 So. 2d 1009, 1010 (Fla. 1st DCA 2007). As reflected within the record, the order on appeal granted the motion to dismiss, summarily dismissed any pending motions and disposed of all claims. We find this is an appealable, final order.

ability to pay an award of fees and the other party's need for the payment of fees.").

Specifically, after the filing of the supplemental petition, she made several motions for attorney's fees arguing her financial need and the Father's ability to pay fees. The trial court may consider motions for attorney's fees "from time to time," including during post dissolution modification proceedings. § 61.16, Fla. Stat.; see Rorrer v. Orban, 215 So. 3d 148, 152 (Fla. 3d DCA 2017); Juhl v. Juhl, 328 So. 3d 1031, 1032-33 (Fla. 2d DCA 2021) ("[Section 61.16] does not impose a thirty-day limitation on a trial court's postjudgment jurisdiction to consider fee motions.").

The Mother properly raised motions for attorney's fees after the final judgment dealing with costs of representation incurred based on post-dissolution proceedings. However, the trial court summarily dismissed the Mother's requests without making any findings regarding the parties' respective needs and ability to pay. The order merely provided:

> All other motions filed in this case were either subsumed in the amended final judgment or are now moot.

The trial court's summary denial of the Mother's motion for attorney's fees, without making any findings regarding the parties' need and ability to pay, is reversible error. See Gudur, 277 So. 3d at 693; Rawson v. Rawson, 264 So. 3d 325, 332 (Fla. 1st DCA 2019) ("In simply denying [attorney's] fees

3

without further explanation, the trial court erred.").  Where a motion for attorney's fees is made on the cost of litigation incurred for post-dissolution proceedings, the motion cannot be considered moot as contained in the final judgment.  See generally Herce v. Maines, 317 So. 3d 1211, 1215 (Fla. 2d DCA 2021) (recognizing that the order dismissing the former wife's contempt motion as moot was final); Baldwin v. Baldwin, 204 So. 3d 565, 567 (Fla. 5th DCA 2016) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect.").  The failure to make such findings constitutes reversible error.

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.