# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0890
Lower Tribunal No. 18-29442-FC-04
_____

**Jose Breton**,
Appellant,

vs.

**Maria Raud,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Victoria Del Pino, Judge.

Cruz Legal, P.A., and Marisol Cruz, for appellant.

Estefano Law, P.A., and Delaila J. Estefano, for appellee.

Before SCALES, C.J., and FERNANDEZ and LINDSEY, JJ.

SCALES, C.J.

In this post-judgment paternity proceeding, appellant Jose Breton ("Father") appeals a September 4, 2024 amended order (the "Order") that ostensibly granted appellee Maria Raud's ("Mother") August 31, 2022 Urgent Motion for Temporary Attorney's Fees, Costs, and All Professional Fees (the "Motion"). We affirm the Order's factual findings related to the relief sought in the Motion, and that portion of the Order awarding temporary, prospective fees to Mother's counsel and forensic accountant as sought in the Motion, but on due process grounds we reverse those portions of the challenged Order that adjudicated issues not raised, and that awarded Mother relief not sought, in the Motion.

## I. Relevant Background

In a July 22, 2019 judgment, the trial court approved the parties' May 6, 2019 Mediated Parenting Settlement Agreement that governed their respective responsibilities for their minor child. In December 2020, Father filed a petition seeking to modify the parties' parental responsibility, timesharing, and child support obligations. Citing the need to "properly prepare for the pending mediation and hearings" associated with Father's modification petition, Mother filed the Motion seeking an order "requesting that Father pay the Mother's temporary attorney's fees and costs in the amount of . . . $25,000.00 to get us through mediation and the upcoming

2

hearings[.]" The Motion also sought $5,000 for the initial deposit to retain a forensic accountant.

While the Motion was pending, Father, in March 2023, unilaterally reduced his monthly child support payments, resulting in Mother filing a June 29, 2023 contempt motion that sought, among other things, attorney's fees and costs for the contempt proceedings. The trial court referred Mother's contempt motion to a general magistrate who, on September 21, 2023, entered an agreed recommended order that, among other things, stated that all fee and cost issues related to the contempt proceedings were to be determined at a later "final trial." The trial court adopted the general magistrate's recommended order in a September 26, 2023 order.

On November 1, 2023, the trial court noticed the Motion for an April 10, 2024 hearing on the Zoom videoconferencing platform. The trial court's notice specifically referenced that only the Motion would be heard at this hearing; nothing in the notice indicated other matters would be heard at the April 10th hearing. Toward the start of the hearing, contrary to what Mother sought in her Motion, Mother's counsel stated that Mother was not asking for prospective temporary fees, but rather for outstanding fees and costs that had been incurred by Mother, including reimbursement of fees that Mother had already paid.

Father attended the April 10th hearing *pro* se. After Father's motion for a continuance was denied, the trial court allowed Mother to introduce evidence of all of the fees Mother had paid in the litigation thus far, including, but not limited to, fee amounts associated with the contempt proceedings.

Initially, the trial court entered a relatively short order granting the Motion. Now represented by counsel, Father filed a motion for reconsideration, challenging, among other things, the trial court's award of relief not properly sought in the Motion. Father's reconsideration motion also asserted that the order did not contain sufficient factual findings or conclusions of law. Ultimately, the trial court entered the challenged amended Order. While the Order denied Father's reconsideration request, the trial court did significantly expand its findings and conclusions. The amended Order is twelve pages and contains specific findings of fact and detailed conclusions of law. Regarding Father's ability to pay, the trial court found that Father had sufficient monthly income to pay Mother's temporary fees. The trial court also concluded that Father is in a vastly superior financial position than Mother and Mother is entitled to a temporary fee award from Father "for all of her professional fees paid or otherwise incurred in this matter through April 3, 2024."

The Order awarded Mother's counsel $71,931.68 in total, past, incurred fees and an additional $30,000 in prospective fees as to Father's pending modification petition. The Order also awarded Mother's forensic accountant $25,937 in past, incurred fees and an additional $31,320 in prospective fees. Both sets of prospective fees are for the period through an anticipated mediation between the parties. As to both attorney and forensic accountant fees, the Order reserves ruling on additional fees "until the resolution of this case."

Father timely appeals the Order. We have jurisdiction. Fla. R. App. P. 9.130(3)(C)(iii)a. ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . determine . . . in family law matters . . . the right to immediate monetary relief[.]")

## II.    Analysis[1]

While Father makes several challenges to the trial court's factual findings, the record contains competent, substantial evidence supporting each of the detailed findings contained in the Order as they relate to the

---

[1] We assess and will affirm a trial court's findings of fact if those findings are supported by competent, substantial evidence. Spear v. Denmark, 306 So. 3d 224, 226 (Fla. 3d DCA 2020). We review a trial court's award of temporary fees in a paternity action under an abuse of discretion standard. Helinski v. Helinski, 305 So. 3d 703, 706 (Fla. 3d DCA 2020). We review de novo the legal issue of whether a party was denied due process. Greenwood v. Greenwood, 406 So. 3d 973, 976 (Fla. 3d DCA 2025).

Motion. Without further discussion, we affirm the trial court's factual findings as they relate to the relief sought in the Motion. See Gidwani v. Roberts, 349 So. 3d 917, 921 (Fla. 3d DCA 2022) ("Factual findings are reviewed to determine whether they are 'supported by competent, substantial evidence,' and the 'findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous.'" (quoting Haas Automation, Inc. v. Fox, 243 So. 3d 1017, 1023 (Fla. 3d DCA 2018))).

We also affirm the trial court's determination that Mother is entitled to the temporary fees sought in the Motion. Given the trial court's factual findings, we discern no abuse of discretion in the trial court's determination that Mother is entitled to temporary, prospective fees for hearings and mediation related to Father's modification petition. Troike v. Troike, 271 So. 3d 1069, 1072 (Fla. 3d DCA 2019); Rose v. Rose, 883 So. 2d 348, 349-350 (Fla. 3d DCA 2004).

We are compelled, however, to reverse those portions of the Order awarding amounts not sought in Mother's Motion. This Court has consistently held that a due process violation occurs if a trial court awards relief not requested in a pleading or motion. Greenwood, 406 So. 3d at 976 ("[W]e find that the trial court violated the Mother's due process rights by

6

awarding the Father ultimate decision making authority over the Minor Child's education when . . . the Father did not request this relief in the motion[.]"); Logreira v. Logreira, 322 So. 3d 155, 158-59 (Fla. 3d DCA 2021) ("The constitutional guarantee of due process is implicated in determinations involving timesharing and modification of a parenting plan. . . . Here, the former husband did not request an award of sole parental responsibility or decision-making authority in his pleadings[.]"); see Blatt v. Blatt, 394 So. 3d 1240, 1241 (Fla. 3d DCA 2024).

In this case, the Motion sought $25,000 in temporary fees "to get us through mediation and the upcoming hearings" and a $5,000 "initial deposit for the forensic accountant." The Motion defined the parameters of the relief Mother was seeking and was the only matter noticed for the April 10th hearing. Entertaining claims and awarding relief not sought in the Motion constituted a due process violation. Greenwood, 406 So. 3d at 978.

This is distinctly the case here because the Order's total awarded fees included an amount representing fees for Mother's contempt proceedings, despite a separate order expressly reserving the determination of such fees for a later "final trial." The record reflects no notice to Father that, at the April 10th hearing, the trial court would be adjudicating Mother's fee claim associated with the contempt proceedings.

We are thus compelled to reverse those portions of the Order awarding any sums other than the $25,000 in temporary attorney's fees and $5,000 in prospective forensic accountant fees that were sought in the Motion and noticed for the April 10th hearing.[2]

We affirm the factual findings related to, and the discretionary determination that Mother is entitled to, the relief sought in the Motion. We reverse those other portions of the Order that adjudicate claims and award sums not sought in the Motion, and we remand for proceedings not inconsistent with this opinion.

Affirmed in part; reversed and remanded in part.

---

[2] Because of our due process holding, we need not, and therefore do not, reach, or express an opinion on, the issue of whether a trial court, in adjudicating a motion for temporary fees sought under section 742.045 of the Florida Statutes, may award reimbursement of incurred fees. See Haslauer v. Haslauer, 381 So. 3d 662 (Fla. 1st DCA 2024); Jessup v. Werner, 354 So. 3d 605 (Fla. 1st DCA 2022).