DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN SCHEEN,**
Appellant,

v.

**WANDA DROZDOVITCH,**
Appellee.

No. 4D2025-1352

[June 3, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Francis Viamontes, Judge; L.T. Case No. 062022DR008179AXXXCE.

James Vincent Facciolo, III, of Law Offices of James V. Facciolo, III, Fort Lauderdale, for appellant.

Terrence Patrick O'Connor of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.

SHEPHERD, J.

The former husband appeals the trial court's final judgment of dissolution of marriage that: (1) failed to credit the former husband for marital expenses paid from his retirement account and (2) did not provide a mechanism to ensure the former husband is compensated if the former wife fails to refinance the marital residence. We agree with the former husband and reverse the trial court's judgment on these two issues. We affirm the final judgment in all other respects.

The former husband first argues that the trial court erred in valuing his retirement account. We review a trial court's determination of equitable distribution for abuse of discretion. *Bardowell v. Bardowell*, 975 So. 2d 628, 629 (Fla. 4th DCA 2008).

At trial, the former husband testified that after filing his financial affidavit, he withdrew $100,000.00 from his retirement account to pay for household and living expenses, including expenses related to the parties' minor child. The trial court found the former husband's testimony

credible, but declined to deduct $100,000.00 from the value of the former husband's retirement account, as provided in his financial affidavit, on the ground that it was not equitable for the former husband to withdraw funds from the retirement account without the former wife's agreement.

Section 61.076, Florida Statutes (2022), provides that "[a]ll vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution." § 61.076(1), Fla. Stat. (2022).

"[I]t is error to include in the equitable distribution scheme sums that have been diminished during the dissolution proceedings for purposes reasonably related to the marriage." *Briggs v. Briggs*, 336 So. 3d 1286, 1288 (Fla. 1st DCA 2022) (citing *Schroll v. Schroll*, 227 So. 3d 232, 236 (Fla. 1st DCA 2017)). "To include dissipated assets in an equitable distribution scheme, the court must make a specific finding that the dissipation resulted from intentional misconduct." *Id.* "Misconduct is not shown by mismanagement or simple squandering of marital assets in a manner of which the other spouse disapproves." *Briggs*, 336 So. 3d at 1288 (quoting *Winder v. Winder*, 152 So. 3d 836, 838-39 (Fla. 1st DCA 2014)).

The trial court erred when it included the dissipated assets from the former husband's retirement account in the equitable distribution scheme. The trial court found the former husband's testimony credible that he had used the funds for purposes reasonably related to the marriage, and failed to make a finding of intentional misconduct. We therefore reverse and remand for the trial court to amend the final judgment to reduce the value of the husband's retirement account by $100,000.00, consistent with the former husband's testimony.

The former husband also argues that the trial court erred by failing to provide a mechanism to ensure he is paid if the former wife fails to refinance the marital residence. At trial, the parties agreed to both continue to live in the marital home for one year. The final judgment states: "The parties shall be entitled to continue to reside in the marital residence and shall maintain the status quo regarding the expenses of same until August, 2025, at which time Husband shall vacate the marital residence." Although the final judgment also awarded half of the home's marital share to the former husband, the final judgment is silent as to how the former husband is to receive his share after he vacates the home.

"A trial court has the authority to order a party to refinance a home and remove the other party from the mortgage." *Karkhoff v. Robilotta*, 309 So. 3d 229, 234 (Fla. 4th DCA 2020) (citing *Tarnawski v. Tarnawski*, 851 So. 2d 239, 241 (Fla. 4th DCA 2003)). "However, when a trial court orders a party to refinance a home in a final judgment, that final judgment must direct a result that if that party is unable, or simply fails, to refinance the home." *Karkoff*, 309 So. 3d at 234 (citing *Jones v. Jones*, 184 So. 3d 1238, 1239 (Fla. 5th DCA 2016)). "Failure to include such a directive is reversible error." *Id.* Accordingly, we remand for the trial court to amend the final judgment to provide a mechanism for the former husband to receive his half share of the marital home.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE and CONNER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely-filed motion for rehearing.***